## Robert Taylor v. The State.

Theft from a house. Theft from a house by one having a right to enter the building by virtue of his employment as a domestic servant, is not punishable under Article 764 of the Penal Code, but only as simple theft.

Appeal from Lamar, tried below before the Hon. John C. Easton.

*Kittrell*, for the State.

Reeves, J. The indictment charges appellant with the theft of two fifty-cent bills, lawful currency of the United States, the money of McLeod, Hall & Braden, and which, as charged in the indictment, was taken by appellant from their saloon, a room in the McLeod Hotel, at Paris, in Lamar county.

The court gave in charge to the jury Article 764 of the Penal Code, punishing theft from a house by confinement in the penitentiary, not less than two years nor more than seven, as applicable to this case, and refused to charge, as asked by appellant, that theft from a house, when committed by a domestic servant, is only a misdemeanor, and punishable as such by fine and imprisonment, if the property stolen is under the value of twenty dollars.

The jury convicted the defendant and assessed his punishment at five years in the penitentiary. From the judgment of conviction defendant appeals, on the grounds stated in his motion for a new trial and motion in arrest of the judgment, both motions being overruled.

We find no error in overruling the motion in arrest of judgment, but we are of opinion that the new trial should have been granted, for error in the charge of the court, and for refusing the charge asked by defendant.

It was shown by the evidence on the trial that the defendant at the time of the theft was in the service of McLeod, Hall &

Braden, as a porter, and had been so employed for five or six months previously. His business, as stated by one of the owners of the house, was to clean the bar and fixtures, sweep the room, clean behind tables, run errands, etc. The bills in question were taken by the defendant from the cash-drawer while he was behind the bar attending to his usual duties, as appears from the evidence of the bar-keeper.

We are of opinion that the defendant was a domestic servant of the house at the time he took the money, in the meaning of Article 736 of the Code, and that the penalty for theft from a house, under Article 764, was not the measure of punishment in this case.

A domestic servant having the entry into the house, a theft committed by such person after entry, otherwise than by an actual breaking, is excepted out of Chapter VI. of the Criminal Code, defining and punishing burglary, and is only punishable as simple theft, as provided by Article 736 of the same chapter. In such case, the punishment should be assessed with reference to the value of the property, as directed by Articles 2394, 2395 (1 Paschal's Digest) as amended by the Act of November 12, 1866 (2 Paschal's Digest, Article 6547). The charge of the court should have been qualified by giving the charge asked by defendant, and refused.

The question here presented was decided at Austin, and again at Tyler at the last term, and further discussion is deemed unnecessary in the present case.

The judgment is reversed and the cause remanded.

　　　　　　　　　　　　Reversed and remanded.