### ROVINE WILLIS v. THE STATE.

#### No. 426.   Decided April 11.

1. **Burglary—Charge of Court—"House."**—On a trial for the burglary of a fruit stand, the same being a boxlike structure in the shape of a piano box, about eight feet high, with shelves and counter, of sufficient proportions to admit of the entrance and standing up therein of the proprietor while making sales, *Held,* that the structure came fully within the term "house," as defined in article 709, Penal Code, and the court did not err in charging the jury that said structure was a house, and it was unnecessary to submit to the jury a question about which there could be no dispute.

2. **Requested Instructions Refused—Want of Consent.**—It was not error for the court to refuse to give appellant's requested instruction, to the effect, "that the State must prove the want of consent of the wife and daughter of the proprietor in his absence," the evidence showing that one V. managed the business at such time, and the indictment having charged the house to be occupied by said V.

3. **Same—Charge of Court—Defensive Matter.**—On a trial for burglary, where the consent of the wife and daughter of the alleged proprietor is claimed by accused, it is defensive matter to be shown by him on the trial, and it was not error for the court to refuse to charge that such *want of consent* must be proved by the State.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

Appellant was tried and convicted of the offense of burglary, receiving as his sentence a three years' term in the State reformatory, and appeals.

The facts briefly stated are, that appellant, who was not 15 years old at the time the offense was committed, was an orphan and resided with his uncle, Tony Lord. G. Conte, the owner and proprietor of the house alleged to have been burglarized, was absent from the town of Marlin, and his business was being conducted by one James Verdrine, who testified, "that on the night stated in the indictment the establishment was broken open and entered by some one, the nails being drawn out of the hinges and window on the side entered; that on examination he missed therefrom over a half-bushel of pecans of the value of $2 per bushel, several packages of cigarettes, bananas, candy, etc. The establishment in which the business was done was made of planks and covered with planks. At the bottom, for three or four feet from the ground, it was 8x10 feet. About three or four feet from the ground is a counter about three feet wide. From the counter to

the top the width gradually lessens, until at the top it is about three feet wide. To the top is hung a lid that fastens at the counter, and in the side is a window or door. The structure is made in the shape of a piano box, only some larger; for about three feet at the back it is eight feet high, and its length gradually decreases until the counter is reached, which is three or four feet from the floor. The inside is used for storing away goods on shelves. A man can easily stand up inside after all the windows and doors are closed. The establishment belonged to G. Conte. I (Verdrine) was then, and for some time prior thereto, managing the same for him. I closed up and stored away therein the goods on the night in question about 9 or 10 o'clock; closed and fastened all the doors and windows, and when I returned next morning found it in the condition stated. The pecans missed were unusually large. Mr. Ward in a few days brought me a part of a flour sack of pecans; the size and pecans very much resembled those lost, but can not say they were the same. The flour sack was the same sack the pecans I lost were in. Did not give defendant or any one else my consent to enter said house, nor to take any of the things taken therefrom. It was broken open and entered on the 17th day of November, 1893, in Falls County, Texas."

On cross-examination he stated, that the business there was as much in the control of his mother and sister as in his possession. "G. Conte is my stepfather, and my mother, sister, and myself run the business there, and very frequently, in my absence at meals or elsewhere, my mother and sister are in entire control; they sell goods and do anything else in connection with the business just the same as I do."

*Rice & Bartlett,* for appellant, in their very able brief, submitted among others the following propositions, viz:

1. The court erred in its charge to the jury in that part thereof as follows, to wit: "You are further charged, that the structure in controversy is in contemplation of law a house, and in your consideration of this case you will so consider it."

2. It is the duty of the court to submit all questions of fact to the jury; and it is error for the court to instruct the jury that any fact in evidence has been proven, no matter how strong the evidence may be; and especially is it reversible error where there is conflicting testimony on this, the pivotal point in the case. Skidmore v. The State, 43 Texas, 93; Harris v. The State, 1 Texas Crim. App., 74; Searcy v. The State, 1 Texas Crim. App., 440; Hall v. The State, 13 Texas Crim. App., 269; Harwell v. The State, 22 Texas Crim. App., 251; Alexander v. The State, 24 Texas Crim. App., 126; Blair v. The State, 26 Texas Crim. App., 393; Ezzell v. The State, 29 Texas Crim. App., 523.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of burglary, and sentenced to three years in the State reformatory, from which he appeals.

1. The court did not err in charging the jury in this case that the structure burglarized was a house. The undisputed testimony shows the structure to come fully within the term "house," as defined in article 709 of the Penal Code. It is described as a fruit stand built somewhat in the shape of a piano box, about eight feet high, with shelves and counters; and the proprietor could, in making sales, stand inside or out of the structure, as he desired. It was unnecessary to submit a question to the jury about which there could be no dispute.

2. Nor did the court err in refusing the charge asked by appellant, to the effect that the State must prove the want of consent of Mrs. Conte and her daughter. The evidence shows that James Verdrine managed the business in the absence of G. Conte, the owner, and the indictment charged the house to be occupied by the said Verdrine. The fact that his mother and sister assisted in the sales and carrying on the business was immaterial, so far as the indictment was concerned. Code Crim. Proc., art. 426; Willson's Crim. Stats., secs. 1258, 1259. If appellant had the consent of Conte's wife or daughter, it was defensive matter to be shown on trial.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.