## H. B. WILLIAMSON v. THE STATE.

### No. 1630. Decided March 16, 1898.

**Burglary—"A House"—What Is.**

On a trial for burglary, where the evidence showed that the "house" alleged to have been burglarized was described as what is commonly known as a "header box," usually used in connection with a grain harvester; it being a box 14 feet long, 6 feet wide, 4 feet high on one side, and 18 inches on the other; Held, the structure was not "a house" within the contemplation of the statute of burglary, although it had four sides and was covered over. It was a box and not "a house;" it was portable, had no fixedness of location, was not used or intended to be used in any way or for any purpose connected with a habitation, or other purposes for which houses are ordinarily used.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. BROWN.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Frank P. McGhee,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.—The indictment is sufficient, being in compliance with section 1432, White's Annotated Penal Code.

The evidence shows the "house" alleged to have been burglarized to be "the header box of the kind usually used in connection with a harvester to hold the heads of grain in." The box is constructed of lumber, and the sides, ends, and bottom were closed and substantially joined together. It was four feet high on one side and eighteen inches high on the opposite side, with ends sloping from one side to the other. It was fourteen feet long and six feet wide, and held about 150 or 200 bushels of threshed oats. A wagon sheet had been securely fastened over the top of this box by staples. Is this a house? Penal Code, art. 843; Anderson v. State, 17 Texas Crim. App., 305; Bigham v. State, 31 Texas Crim. Rep., 244; Willis v. State, 33 Texas Crim. Rep., 168.

DAVIDSON, JUDGE.—Appellant was convicted of burglary, and appeals.

The indictment is in the usual form, and contains two counts. The first charges a burglary at night, and the second in the daytime. There are several questions presented by the record, but, under the view we take of the case, it is not necessary to discuss any of them, except the insufficiency of the testimony to support the judgment of conviction. The testimony is very brief, and shows without contradiction that the "house" alleged to have been burglarized was described as follows: "What is commonly known as a 'header box' herein described. * * * The header box is the kind usually used in connection with the harvester to hold heads in, and the grain heads cut off are conveyed to a place where the grain is stacked or threshed as it is cut, and this particular box was about 200 yards from where the oats had been threshed. The box was constructed of lumber, and the sides, ends, and bottom were closed, and substantially joined together." It was covered with a wagon sheet securely fastened, so that the oats could not be taken from the box without in some way forcibly removing the cover. "By actual measurement the box was four feet high on one side and eighteen inches on the opposite side, with ends sloping from one side to the other; was sloping as such boxes usually are. It was fourteen feet long and six feet wide, and held about 150 or 200 bushels of threshed oats." The question here is, was this a "house," within contemplation of the statute of burglary? We are of opinion that it was not. It is true that it had four sides, and was covered over, but it was nevertheless a box, and not a house. All boxes which contain goods—shoes, groceries, etc.—for shipment would be houses if this box is held to be one. The evidence excludes the idea of permanency of location or fixedness of place in regard to this house. It was portable, and made for the express purpose of being carried from place to place for the purpose of holding the heads cut from grain, or of grain after it was threshed; and was not used, or intended to be used, in any way or for any purpose connected with a habitation, or other purposes for which houses are ordinarily used. Some of our cases have gone to a considerable extent in holding certain character of structures houses, but in all such it will be found that they were fixtures. See Anderson v. State, 17 Texas Crim. App., 306; Bigham v. State, 31 Texas Crim. Rep., 244; Willis v. State, 33 Texas Crim. Rep., 168. We would not be understood as holding that it is absolutely necessary that the structure, in order to be considered a house, should be fixed to the soil, or that because it is portable it would not be considered a house. But we do hold, under the proof in this case, that this was not a house, but a mere box, constituting a part of the outfit for the thresher. The judgment is reversed and the cause remanded.

*Reversed and remanded.*