## FRANK JACKSON v. THE STATE.

No. 2428. Decided June 25, 1901..

**Burglary—Domestic Servant—Charge of Court.**

On a trial for burglary, where it appeared that the burglarized premises was a saloon, in and under the management of the Tremont Hotel, but kept separate from the hotel; that defendant was employed to scour the corridors and clean up the spittoons of the hotel, but was in no manner connected with the saloon or its business; Held, the court properly refused to submit to the jury the law as to burglary committed by a domestic servant. Defendant, though a servant as to the hotel, was not a servant of the saloon, which had its own employes to do its separate work.

Appeal from the Criminal District Court of Galveston. Tried below before Hon. A. C. Allen.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John Grothgar,* for appellant, cited: Penal Code, art. 848; Wakefield v. State, 41 Texas, 558; Coleman v. State, 44 Texas, 109; Ullmann v. State, 1 Texas Crim. App., 220; Williams v. State, 41 Texas, 649; Waterhouse v. State, 21 Texas Crim. App., 663; Taylor v. State, 42 Texas, 387; Neiderluck v. State, 23 Texas Crim. App., 38; Peters v. State, 26 S. W. Rep., 61.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglarizing a saloon situated in the Tremont Hotel, in the city of Galveston. The statement of facts discloses that this saloon had been burglarized on several nights prior to the one in question, and that on the particular night the windows and doors leading into the saloon were carefully closed and fastened, and Tom Duffey was employed to watch the premises during the night of the burglary; that about 2:30 o'clock a. m. appellant entered through one of the doors, the key used by him failing to entirely throw the lock so the door could be easily opened, but by using more force the door was forced open. It is shown that the saloon in question, while in one of the lower apartments of the Tremont Hotel, and under the management of the Tremont Hotel, was kept separate from the hotel; that appellant was employed to scour the floors of the hotel, but not the floors of the saloon; that he had no business in the saloon; that the particular portion of the hotel to be cleaned by appellant was the corridors and spittoons; that he did in fact sleep in what was known as the "bottle room" of the hotel, though he was not authorized to do so by the management. This, perhaps, is a sufficient statement to bring in review the errors assigned by appellant with reference to the charge of the court as to domestic servant. Our statute provides that, where the entry is made by a domestic servant, in order

to constitute burglary there must be an "actual breaking." Appellant's theory is that he was a domestic servant, and the force used did not bring him within this provision of the law. The court refused to charge as to domestic servant, because, in the opinion of the court, the facts did not place appellant in that category. We are of opinion the court was correct in refusing this charge. The evidence stated does not show he was a domestic servant in relation to this saloon. If his business had been to scour the floors of the saloon, and wash the spittoons there used, and the breaking had been within hours when his relation did not cease as such domestic servant, the question might be suggested. But the evidence does not connect him with this saloon as a servant in any manner whatever. The fact that he was employed by the hotel management to scour the floors of the corridors of the hotel and wash the spittoons did not connect him with the saloon, although in a room in the same building, inasmuch as the testimony is uncontradicted that this relation did not exist in regard to the saloon. The saloon had its own employes, who did this work. The mere fact that the saloon belonged to or was controlled by the management of the hotel, and appellant was the servant in and about the hotel business, does not constitute him a domestic servant in relation to the saloon, any more than if the saloon had been rented to independent and third parties. This is the main question presented for revision, the others being but corollaries and dependent upon it. The judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]