## ED. CROW v. THE STATE.

### No. 3254.  Decided March 8, 1905.

**1.—Burglary—Definition of a House.**

The mere fact that one would have to pull off the planks used in boxing up the end of a buggy shed in order to steal the harness inside near the buggy, and that there was no door entering said shed, would not change the fact that the same was a house within contemplation of law.

**2.—Same—Fact Case—Conflict of Testimony.**

Where the evidence of the State showed that certain wagon harness was fraudulently taken from a buggy shed which was entirely boxed up and part of a barn and log crib all under one roof, and no one could enter said shed without pulling off the planks nailed thereon to get to the harness, said shed constituted a house within the contemplation of the burglary statute; and the fact that the State's testimony as to the entire boxing up of the shed was seriously controverted would not authorize a reversal.

Appeal from the District Court of Cooke.  Tried below before Hon. D. E. Barrett.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Culp & Giddings,* for appellant.—At common law, burglary could only be committed by breaking into a dwelling house.  Gradually, by statute and liberal construction of courts, the rule has been so extended as to include almost any kind of a structure used either for purposes of a dwelling or as a place of storage.  But we have yet to find a case in any jurisdiction, where a mere box, without doors, windows or place of entrance or egress, into which it was never contemplated an "entry" should be made by any one, not even the owner, without tearing it down, was judicially held to be a house within the burglary law.

The peculiar sanctity given by law to a "house" proceeds from the theory that the breaking is into a place into which alone the owner has the right of entry and from which he has the right to exclude the world. But we submit that if the owner should build a mere box under his open shed, of equal dimensions with the house in the case at bar, and some one should break into this box and steal an insignificant piece of harness, this would not be "burglary," because clearly none of the elements of a "house" existed and yet the box would clearly be a "structure" as well as the barn in the case at bar.  Burglary is an offense against the security of the dwelling house—it is the possession that is invaded and not the house itself as "mere property."  Possession not flowing from ownership but from occupancy."  76 Am. Dec., 602.

If occupancy by any person is impossible from the nature of the structure itself, then it lacks that essential ingredient to constitute burglary and the offense is against the property alone and not against the sanctity of the house.  An examination of our statute develops that

the law contemplates the house must be so constructed as to have some door, window or opening of some kind through which an unlawful entry might be made and through which it is contemplated that a lawful entry might be made by those entitled to make such entry. We find that breaking might be constituted by "lifting the latch of a door that is shut," by raising a window, the entry at a chimney or other unusual place," etc. Thus a usual place of entry, a door, latch, window, etc., to the house is contemplated.

Again we find "entry" is defined as every kind of entry "except by the free consent of the occupant," etc. Thus it appears that the law contemplates an actual occupancy of the burglarized house as distinguished from a mere ownership of property. We do not mean that the house must be actually lived in by some one, for we recognize that this is not the law. But we do mean that the "house" must have some place through which it is contemplated an entry might be made by those entitled to enter or in other words, by the occupants. Anderson v. State, 17 Texas Crim. App., 305; People v. Richards, 2 Am. Stat. Rep., 373; Williamson v. State, 44 S. W. Rep., 1107.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years. The testimony of the prosecuting witness shows that the property in question was taken from a log barn, shedded on one side. There was a hallway between the two parts of the barn and a roof over the entire barn. About the time the harness was taken the barn was boxed up, and the hall was boxed up even with the two log cribs. The driveway was boxed with plank, but it was not solid on the east side, but was solid on the west side. The witness testified that in order to get to the buggy where the harness was, he would have to take off the planks which were nailed. The boards used in boxing up the end of the shed where the buggy was extended a little higher than a man's head, pretty near even with the loft. There was not room enough between the planks nailed to the end of the shed for a man to get through; nor was there any other entrance to the buggy shed, except through these planks, unless they were torn down. The only question we deem necessary to review is the sufficiency of the evidence to support the conviction. Appellant insists that the evidence does not show the structure entered was a house within contemplation of the burglary statute. We think the evidence does show that the same was a house within contemplation of law and the statute. The mere fact that one would have to pull off the planks in order to get to the buggy where the harness was: in other words, that there was no door entering the buggy shed, would not change the fact that the same is a house within contemplation of law. If the absence of a door would prevent a successful prosecution of appellant for entering the house, then if the door in any house

were nailed up, it would preclude a prosecution for burglary on the theory that there was no natural or easy mode of ingress and egress. The mere fact that the prosecuting witnesses' testimony is seriously controverted by the defense testimony would not authorize a reversal. Taking the State's testimony as true, it shows that the buggy shed had been entirely closed by nailing up one of the cuts with plank which reached nearly to the joists of the house, and that no one could enter said shed without pulling off the planks nailed thereon. If this be true, and the jury have so decided, the same would constitute a house within contemplation of law. The charge of the court is correct. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.