### Chas. Summers v. The State.

No. 3284.    Decided December 6, 1905.

**Burglary—Railroad Box-car—Attempt.**

It is no offense to attempt to break and enter a railroad car to commit theft, the same not having been made such or defined by the statutes.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of an attempt to burglariously break and enter a railroad box-car; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*I. Zadik* and *Graham Smedley,* for appellant.—On question of offense: Arts. 1 and 3, White's Ann. Penal Code; arts. 851, 852, 853, 854 and 855, White's Ann. Penal Code; art. 756 and art. 768. White's Ann. Penal Code; arts. 770 and 780, White's Ann. Penal Code; arts. 838, 843 and 850, White's Ann. Penal Code; Murray v. State, 21 Texas Crim. App., 620; Marthall v. State, 36 S. W. Rep., 1062; Gage v. State, 22 Texas Crim. App., 123; Nichols v. State, 12 S. W. Rep., 500; Sutherland on Statutory Cons., secs. 349 and 350.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was indicted under article 849, Penal Code, for an attempt to burglariously break and enter a "box-car" owned and occupied by one Gillette, etc. Appellant raises the question as to whether or not, there can be an attempt to burglarize a railroad car. It will be noted in this connection that article 851 (chap. 7), Penal Code, defines the substantive offense of breaking and entering a "railroad car," with intent to commit a felony, fixing the punishment for such offense at confinement in the penitentiary not less than two nor more than five years. This article, as to the means used in making the entry, refers to article 838, which defines burglary. The substantive offense is found in a separate chapter from that relating to burglary, and refers to the entry by means of breaking any "vessel, steamboat, or railroad car." None of these are fixtures, but are movables; and evidently the Legislature believed they were not included in the term "house" as defined in the chapter on burglary.

In the chapter on burglary we find article 849 makes penal an attempt to commit the crime of burglary. This is in the chapter on burglary. There is no such article in chapter seven, relating to the breaking and entry of vessels, steamboats or railroad cars. The entry into such conveyances is not made in terms, or defined to be burglary. We hold that it is no offense to "attempt" to break and enter a "railroad car," the same not having been made such or defined by our statute. Inasmuch as this is not an offense against our law, it is not necessary to discuss the validity of the indictment, which appears to treat a "boxcar" of a railroad company as a "house,"—referring to the same as "said house." For the error discussed, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*