## WILL CLARK v. THE STATE.

### No. 4211.    Decided June 19, 1909.

**Burglary—House—Show-Case.**

Where upon trial for burglary the evidence showed that the defendant forcibly entered a show-case, about five or six feet square and some six or eight feet high with a cover on same, which was under the general roof of a store building, with an attempt to steal; the show-case being in no way attached to the building, the same did not constitute a house under article 843, Penal Code.

Appeal from the District Court of Bexar. Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of burglary; penalty, three years confinement in the penitentiary.

The opinion states the case.

*Carlos Bee,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at three years confinement in the penitentiary.

The facts in this case show that Blum & Co., a mercantile concern, did a drygoods business in the city of San Antonio. Their store had a vestibule, with a door leading into the store sitting back at the back of the vestibule. In the center of the vestibule was a showcase about five or six feet square and some six or eight feet high, with a cover on same. There was a door that led into the showcase. The showcase was under the floor, so to speak, of the first story of the building, and, of course, necessarily under the general roof that covered the entire building. The showcase contained a wax figure of a woman that was hand-

somely dressed to represent a woman. On the night of the supposed burglary appellant was seen to enter the door leading into this showcase, and was somewhat in a stooping position, raising the skirts that covered the wax figure at the time he was hailed by a policeman, who demanded to know what he was doing in the showcase, and a few moments thereafter was arrested by a policeman, in company with another policeman, and carried to jail. Some of the witnesses say four, five or six men possibly could stand up in the showcase. The showcase was in no way attached to the building, and could have been moved. We do not think, under the above detailed facts, the showcase constitutes a house within the contemplation of article 843 of the Penal Code of this State, which makes it a burglary to unlawfully enter a house, since said showcase is not within contemplation of law a house. Suppose the showcase, instead of having a lock upon same, as the witnesses testify, which was broken, it had had a sliding door, as most showcases have, and the defendant had walked up to the showcase sitting in the vestibule and slid the door back, and taken something out of the showcase, would this have been a house within the contemplation of the statute cited? We say not. Then does the fact that the showcase had a lock upon same make it a house? We say not. In the case of Willis v. State, 33 Texas Crim. Rep., 168, we held that, on a trial for burglary of a fruit stand, the same being a box-like structure in the shape of a piano box, about eight feet high, with shelves and counter, of sufficient proportions to admit of the entrance and standing up therein of the proprietor while making sales, that the structure came within the definition of a house. In the case of Williamson v. State, 39 Texas Crim. Rep., 60; 44 S. W. Rep., 1107, we held that a portable box four feet high on one side and eighteen inches on the opposite side, fourteen feet long and six feet wide, used to hold oats in, is not a house within the contemplation of the statute of burglary. In commenting upon this case this court said that, "It is true that it had four sides and was covered over, but it was nevertheless a box, and not a house. All boxes which contain goods—shoes, groceries, etc.—for shipment would be houses if this box is held to be one. The evidence excludes the idea of permanency of location or fixedness of place in regard to this house. It was portable, and made for the express purpose of being carried from place to place for the purpose of holding the heads cut from grain," etc. We do not think the evidence in this case authorizes us to hold that the showcase in question was a house within the contemplation of the statute of this State. So believing, the judgment is reversed and the cause remanded for the utter lack of sufficiency of evidence.

*Reversed and remanded.*