J. E. WILLIAMS v. THE STATE.

No. 2905. Decided January 7, 1914.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction under a proper charge of the court, there was no error.

**2.—Same—House—Show Window.**

Where, upon trial of burglary, the evidence showed that when the store or building was built a place was provided for the display of goods by means of a show window, which was a part of the building, although partitioned from the main building, and that this show window was burglarized, the same came within the definition of a house under our burglary statute. Article 1309, Penal Code. Following Jame v. State, 63 Texas Crim. Rep., 559, and other cases.

**3.—Same—Evidence—Bills of Exception.**

Where the bills of exception were defective as to the rejection of certain testimony, they could not be considered; besides, if considered, there was no error.

Appeal from the District Court of Nueces. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. R. Sutherland,* for appellant.—On question that show case was not a house: Reeves v. State, 34 Texas Crim. Rep., 483.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of burglary and the lowest penalty imposed.

There is but one question in this case, and that is whether or not the place burglarized was a house or structure under our burglary statute which would be the subject of burglary.

The evidence, without question, was sufficient to sustain the conviction if the place burglarized was such a house or structure as could be burglarized. Appellant does not question this. The evidence by all the witnesses on the subject, without contradiction, shows that the place burglarized was a display case or window, a part of the three story brick store building, occupied and controlled by S. J. Lichtenstein in Corpus Christi; that when the building was built and constructed a place was provided for this display case or window to be placed in and be a part thereof; that two of the outer walls thereof were the brick walls of said building. The other was a wooden, or wooden and brick together, structure partitioning off this case from the store room of the store proper; that the front of it was a glass window which raised from the bottom and wherein goods were placed for display or exhibition; that the case was some nine to eighteen inches deep. The witnesses varying as to its depth. One witness stated that it was only nine inches deep, others from twelve to eighteen inches deep; that it was five or six feet high and five or six feet wide; that the movable glass window was in wooden casings and there were four or five glass shelves in it upon which the goods were placed and displayed; that a secure lock was on the bottom of the window and it was kept locked; that it was on the outside of the store doors in the vestibule of the store; that there was no entrance or door from the inside of the store room to the case and that the only entrance thereto was from the vestibule through this glass door or window; that when opened this glass door or window shoved straight up into the ceiling of the building. In addition to the testimony of the several witnesses describing said display or show case, a plan or sketch of it and the vestibule and the doors entering the store room proper were used by the witnesses before the jury to show what it was, how it was situated and all about it. Still in addition, a photograph was taken of it, introduced in evidence and used by the witnesses to show the whole of it in detail. Neither this sketch nor photograph is contained in the statement of facts ·before· us. The evidence, without contradiction, shows that on or about the night of April 14, 1913, the lock on this·window was broken open and several pairs of shoes stolen out of it.

Our burglary statute, article 1303, P. C., is: "The offense of burglary is constituted by entering a house by force, threats or fraud, at night; or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft."

The "entry" into a house includes every kind of entry but one made by the free consent of the occupant. (Art. 1306, P. C.)

The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony. Or it may be constituted by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced. (Art. 1307, P. C.)

Within the meaning of our burglary statute a "house" is any building or structure erected for private use of any individual and of whatever material it may be constructed. (Art. 1309, P. C.)

It has uniformly been held under our burglary statute that "house" has the very broadest signification and meaning and it is very comprehensive. (Jame v. State, 63 Texas Crim. Rep., 559; Barber v. State, 69 S. W. Rep., 515.)

This court is Jame v. State, supra, held that a refrigerator within a refrigerating building was the subject of burglary. In Barber v. State, supra, that a corn crib in which was kept feed in store for horses was such house. In Bingham v. State, 31 Texas Crim. Rep., 244, that a sheriff's office and vault therein, in the court house was such a house. In Favro v. State, 39 Texas Crim. Rep., 452, that a tent fastened to a plank nailed to stakes driven into the ground stretched over a pole from two forks driven into the ground, and which had a door made by placing a loose door not fastened to the tent, and boxes to obstruct the ingress thereto, was such house. In Irwin v. State, 37 Texas, 412, and Albritton v. State, 33 Texas Crim. Rep., 294, that a smoke house was such house. In Willis v. State, 33 Texas Crim. Rep., 168, that a box somewhat in the shape of a piano box and a little larger, in which a vendor kept his fruits from which he could make sales by remaining out on the ground at it, was such house. In Anderson v. State, 17 Texas Crim. App., 305, that an office picketed off in one corner of a hardware store, ten by ten feet, the pickets three inches apart, four feet high and an open space between the tops of these to the top of the house, about six feet with a small gate or door into this in which a safe and books were kept, was such house. In Crow v. State, 48 Texas Crim. Rep., 25, that a shed on one side of a log barn to which entrance could be effected only by tearing off part of the walls thereof from which harness were stolen was such house.

We are of opinion that under our burglary statute and decisions thereunder the said display case or window was such house or structure as was the subject of burglary. Even if appellant's bills complaining that the court would not permit certain witnesses to answer certain questions therein propounded to them were such as to require this court to review the question (James v. State, 63 Texas Crim. Rep., 75 and Conger v. State, 63 Texas Crim. Rep., 312) they would present no error, because the evidence in the case, without question and without doubt, establishes all the facts sought to be proved by them, and that the place

burglarized was such house or structure, under our burglary statute, that could be burglarized. The judgment is affirmed.

*Affirmed.*