## LOCKNEY STATE BANK v. BOLIN.
(No. 924.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 16, 1916. On Motion for Rehearing, March 15, 1916.)

1. APPEAL AND ERROR ☞1045(3)—HARMLESS ERROR—CHALLENGES TO JURORS.

Plaintiff was not injured by the overruling of a challenge to a juror where, though he exhausted his peremptory challenges in rejecting such juror, it did not appear that after exhausting his challenges he was required to accept an objectionable juror.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4126; Dec. Dig. ☞1045(3).]

2. EVIDENCE ☞138 — ADMISSIBILITY — SIMILAR ACTS.

In an action on a note which defendant claimed was forged by G., where defendant testified to an admission by G. that he signed the note and there was therefore no question of intent or identity, evidence that G. had also forged the name of a third party to checks was not admissible without some connection being shown to make it admissible as a part of a system or design.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 414, 414½; Dec. Dig. ☞138.]

3. WITNESSES 345(2)—IMPEACHMENT—COMMISSION OF OFFENSES.

It was not permissible to impeach G. by showing the forgery of such checks on his cross-examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1126; Dec. Dig. ☞345(2).]

4. NEW TRIAL ☞99 — NEWLY DISCOVERED EVIDENCE—DILIGENCE AND MATERIALITY.

In an action on a note claimed by defendant to have been forged by G., plaintiff moved for a new trial for newly discovered evidence consisting of the testimony of an apparently disinterested witness regarding the execution of a note by defendant at a certain time, the witness not knowing what note was executed. The supporting affidavits excluded negligence on plaintiff's part as to its accessibility to, or acquisition of, any knowledge of the testimony. The testimony was conflicting as to who executed the note. Held, that a new trial should have been granted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 201, 207; Dec. Dig. ☞99.]

5. EVIDENCE ☞471(1)—OPINION EVIDENCE— SUBJECTS OF OPINION EVIDENCE.

Testimony that one of the ways in which bankers discovered that checks had been forged was that their customers afterwards would come in and state that they had given no such checks was incompetent, as the jury were as competent to judge that matter as the witness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2149; Dec. Dig. ☞471(1); Witnesses, Cent. Dig. §§ 833, 988.]

On Motion for Rehearing.

6. EVIDENCE ☞271(1)—DECLARATIONS—SELF-SERVING DECLARATIONS.

While in an action on a note which defendant claimed was forged by G., if plaintiff had introduced a letter from G. to defendant referring to the note, defendant's statements to G. soon after receiving the letter that he never signed the note and knew nothing about it would have been admissible, such statements were self-serving, and it was error to admit

them where defendant himself introduced such letter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068, 1070; Dec. Dig. ☞271(1).]

7. EVIDENCE ☞271(1)—DECLARATIONS—SELF-SERVING DECLARATIONS.

In an action by a bank on a note which defendant claimed G. forged, it was error to permit defendant to introduce a notice from the bank as to the maturity of the note and then testify that in a conversation with the cashier he denied the execution of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068, 1070; Dec. Dig. ☞271(1).]

8. APPEAL AND ERROR ☞1029—REHEARING—GROUNDS.

Appellee was not injured by the court's consideration of the alleged error of the trial court in denying a new trial for newly discovered evidence, though there was no bill of exceptions regarding the matter, where the judgment was clearly reversible on other grounds.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4035, 4036; Dec. Dig. ☞1029.]

Appeal from Floyd County Court; E. P. Thompson, Judge.

Action by the Lockney State Bank against H. S. Bolin. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. P. McKinnon, of Floydada, and Crudgington & Works, of Amarillo, for appellant. T. F. Houghton and J. B. Bartley, both of Floydada, and Martin, Kinder, Russell & Zimmermann, of Plainview, for appellee.

HENDRICKS, J. The appellant bank sued Bolin on a note for $383.50, dated December 1, 1913, providing for interest and attorney fees. Bolin pleaded non est factum, and the jury, in response to a single special issue, answered that he did not execute the note sued on.

[1] Appellant's first assignment complains of the trial court's action in overruling his challenge for cause to the juror, L. E. Williams. Appellant rejected this juror with a peremptory challenge and exhausted all of its challenges in the selection of the jury. However, the bill of exceptions does not show that after exhausting its peremptory challenges it was required to accept an objectionable juror; hence no injury is shown. Snow v. Starr, 75 Tex. 411, 12 S. W. 673.

[2, 3] Appellant's theory is that the original note, of which the present note is a renewal, was executed direct to the bank, under the following conditions: That J. C. Garrison requested a loan of $350 from Bolin, and the latter not having the money, Bolin executed a note straight to the bank, lending the money to Garrison, in consideration of which Garrison and his father executed an indemnity note to Bolin; all of which the latter denied, contending that he never signed either the original or the renewal note, and that the same was signed by Garrison in order to cover his shortage on the bank's books and free the same from suspicion upon examination by the bank examiner. When

J. C. Garrison was upon the stand, over the objection of the appellant, he testified on cross-examination that he had signed the name of Henry Kell to checks on the Lockney State Bank, and had drawn thereon several hundred dollars.

The general rule is that you cannot convict a man of one offense by showing the commission of similar offenses. However, when the object of such collateral matter is to show system, or design, or if similar offenses tend to establish identity, or intent, they may be placed in evidence. In this case, Bolin denies that he signed the note, and testifies to an admission of Garrison that he signed it, also an accompanying chattel mortgage to secure it. It is a plain issue of Bolin's signature, or Garrison's forgery, and the question of Garrison's intent or identity, to be shown by the commission of similar offenses, of course, are not in the case. The principle of its admissibility is either upon system, plan, or design. It is insisted that, to be a part of a system or design, some connection must be shown to make it admissible.

The danger of inferring that an act is proven because a similar act has been admitted, unless there is some connection, is apparent. To show that a party has been a knave on other occasions, creates a prejudice which may operate in injustice against the cause actually considered. It is certainly influential on the mind, and in many instances, to many men would raise a presumption of guilt to show the commission of similar offenses, though isolated and unconnected. The rule has been guarded, as well as the exceptions, and it is easier to state the rule and the exceptions than to apply it.

"The added element then must be, not merely a similarity of results, but such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan, of which they are the individual manifestation." Wigmore on Evidence, vol. 1, § 304.

Otherwise you would only furnish the jury testimony of isolated instances which would affect the defendant's character; neither is it permissible to impeach this witness on the score of his credibility with this character of examination and testimony. Justice Brown, in the case of M., K. & T. Ry. Co. v. Creason, 101 Tex. 337, 107 S. W. 528, discloses the distinction, and the departure of the Court of Criminal Appeals of this state, "from the rule established by the Supreme Court both for civil and criminal cases at the time that it had jurisdiction of criminal matters." That case rejected the testimony of a witness on cross-examination, showing that he had been indicted for felony, or other crime. We think this admission by Garrison of signing Kell's name to checks and getting money thereupon, of itself, without some further connection, was improper.

The court also permitted the defendant, Bolin, to testify on direct examination, over

plaintiff's objection, that after the trouble had arisen over the note that he (Bolin) stated to Garrison that he would have nothing to do with the note and knew nothing about it. The court also permitted the father of Bolin, over the plaintiff's objections, to corroborate the testimony of his son, H. S. Bolin, the defendant. In the condition of this record, such statements were self-serving. The testimony was upon direct examination, and the declarations of the defendant were at a time after the trouble over the note had arisen.

"The declarations offered in evidence in such cases are at best hearsay, and are inadmissible under the general rule; and we are of opinion that if the declarations are sought to be brought within the exception, the grounds which take it out of the rule ought clearly to appear. The reason that evidence of former declarations of a witness are admissible in such case is that his testimony having been assailed on the ground that he had an interest to fabricate it, proof that he made statements consistent with that testimony a a time when he had no such interest tends to show that the testimony was not an afterthought and to rebut the theory of fabrication." Insurance Co. v. Eastman, 95 Tex. 38, 64 S. W. 864.

[4] In this case the court should have granted a new trial on the showing made by defendant as to newly discovered testimony. The affidavits, with the motion, clearly exclude negligence of the defendant bank as to its accessibility to, or the acquisition of, any knowledge of such testimony, and the issues were drawn, conflicting to such an extent as to who executed the note, that the judgment should have been set aside. In this connection, we have in mind the affidavit of an apparently disinterested witness, in regard to the execution of a note by Bolin at a certain time, though the witness did not know what note was executed.

[5] It was clearly error to permit W. A. Robins to testify that one of the ways in which bankers discovered that checks have been forged upon them is that their customers afterwards come in and state that they have given no such checks; the jury were as competent to judge that matter as Robins, even if the following testimony of Bolin had been admissible.

No proof was made by the bank in regard to any declarations or statements of admissions made by Bolin as to the note; he was not asked any question in regard to receiving notice that the note was due, and his statement to the cashier of the bank, testified to by him, on direct examination, denying his execution of the note, after having received such notice, and after the bank was pressing the obligation, is equally self-serving, in the condition of this record, and inadmissible. Insurance Co. v. Eastman, supra.

We have permitted the correction of the record under the certificate of the clerk of the county court, applicable to one of appellant's bills of exception.

The cause is reversed and remanded.

### On Motion for Rehearing.

[6, 7] Appellee, Bolin, introduced the letter from Garrison "referring to the note," and then testified that "soon after receiving the letter," Garrison came to see him and he "then told Garrison that he never signed the "note" and knew nothing about it. Though the contents of the letter were not introduced, however, for Bolin to "open the way" for its introduction, and then on direct examination to build a case of denials by self-serving declarations, is not proper. If the bank takes the initiative and introduces the letter, Bolin's statements to Garrison are of course then admissible and appropriate. As to the notice from the bank to Bolin as to the maturity of the note, appellant never introduced it; the introduction by appellee of said notice and the self-serving declarations of Bolin upon direct examination, based upon its introduction by him, are wholly improper.

[8] This is the first time our attention is called to the lack of a bill of exceptions in regard to the refusal of a new trial on newly discovered testimony; however, appellee is not injured, the cause being so clearly reversible on other grounds discussed in the original opinion.

With the foregoing explanation, the motion for rehearing is overruled.

---

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.