### WILL DOUGLAS v. THE STATE.

No. 5964.   Decided November 17, 1920.

Rehearing Denied December 8, 1920.

1.—Burglary—Domestic Servant—Stock-Room—Actual Breaking.

Where, upon trial of burglary, the defendant claimed that he was a domestic servant, or inhabitant of a certain building consisting of six floors, and the evidence showed that the alleged burglarized house was a stock-room on the sixth floor of the building, used and occupied by a dry goods company;

that defendant was an employee of said company but did not have free access to said store-room but worked on another floor of the building, and was under the control of the manager of the building, he was not a domestic servant, or inhabitant, of said store-room within the purview of Article 1319, Penal Code, which requires an actual breaking in order to constitute burglary by a domestic servant. Following: Watterhouse v. State, 21 Texas Crim. App., 663, and other cases.

2.—Same—Rehearing—Domestic Servant, Definition of.

Where, appellant in his motion for rehearing insisted that under the testimony of a certain witness who had charge of the stock-room burglarized, he was a domestic servant, but this testimony, taken in connection with other parts of the record made it plain that defendant's work and duties lay in other parts of the building, and that his only occasion for going to said stock-room was when said witness in charge was there, and then only to ask and receive articles for use in that part of the building where lay defendant's work, he was not a domestic servant under the law. Distinguishing Connor v. State, 85 Texas Crim. Rep., 98, and other cases.

Appeal from the District Court of El Paso. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of burglary; penalty, two years confinement in the penitentiary.

*Tom Lee* and *J. A. Dial,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of burglary in the 34th District Court of El Paso County, and his punishment fixed at two years confinement in the penitentiary. The alleged burglarized house was a stock-room situated on the sixth floor of a building used and occupied by the Popular Dry Goods Company, in the city of El Paso. Two walls of this stock-room were made of wire and beaver board. From the evidence there was an aperture at the top of one of said wire walls, twelve or fourteen inches high. It is also in evidence that since the building of said stock-room some months before this trial, some one had pulled a whole panel of beaver board loose, and that through this space one might enter said stock-room. It further appears that on one occasion in May, 1920, after the other employees had gone, at about seven o'clock at night, the watchman who was in said building, while making his round on the sixth floor, heard a noise in the stock-room, and looking through the wires, saw the appellant sort of stooping down, hiding himself under the shelving inside of said room. This witness asked him what he was doing up there, and appellant replied that he was at work on the fifth floor and heard some one walking on the sixth floor, and went up to see about it. The watchman told appellant that it was not his business to come up there, and that he should have reported the matter to the watchman. The stock-room door was locked at that time, but it seems that it could be

opened from the inside without a key, and the watchman had appellant to open the door and come out. After searching appellant, the watchman carried appellant down, and the next day reported the matter to the manager. The watchman testified that he found nothing on appellant, but saw a box of shirts close to where he was hiding.

Mr. A. Schwartz, for the State, said that he and Maurice Schwartz employed all the help in said store, and told them what to do; that they had a porter or janitor for each floor of said building, and that appellant was such janitor or porter for the fifth floor. This witness further stated that appellant was head porter only in the sense that he had a key to a room where were kept towels and paper for the use of the porters in the mornings when they went to clean up; but that appellant had no charge of the other porters, and no supervision over them; that his duties were cleaning, sweeping, washing windows, show cases, etc., on the fifth floor of the establishment. There was no evidence whatever showing on what floor was the room in which the paper and towels for the use of the porters, were kept. That said room was not the stock-room is clear from the record, it being in testimony that appellant did not enter the stock-room by the use of a key, but that he entered through or over the wall.

Mr. Kiser testified that he had been connected with the Popular Dry Goods Company for ten years, and was manager for the receiving department and stock-room at the time of this alleged burglary, and that as such he had entire charge of the stock-room and the distribution of its contents; that appellant had no permission from him to enter the stock-room at any time; that appellant was head porter for awhile, and had occasion to come to witness for supplies for the porters, such as soap, mops, etc., which were furnished him by witness, but that appellant did not work in the stock-room; that witness usually closed and locked the door of the stock-room about ten minutes after six in the afternoons.

We have tried to give all the evidence bearing on the issue of domestic servant, inasmuch as this is the only question raised and presented here by the appellant. When the evidence had closed, appellant made a motion for an instructed verdict, upon the ground that he was a domestic servant, and the evidence had not shown an actual breaking of the burglarized premises; he also asked a special charge presenting to the jury the law of a burglary when committed by a domestic servant, and also reserved an exception to the main charge, because same failed to submit the law of burglary by a domestic servant. In order to dispose of these contentions, we have examined this record very carefully, in an effort to discover whether or not the evidence raised the issue as to whether appellant was a domestic servant, or an inhabitant of the alleged burglarized house, to-wit, the stock-room. We fail to find anything supporting such claim. The case of Jackson v. State, 43 Texas Crim. Rep., 260, seems to present an almost parallel state of facts. Jackson was a porter in a hotel, in the same building with which, and

also under the same management, was a saloon, same occupying one room of the hotel building. Jackson's duties were to scour the floors, sweep, and clean up the corridors of the hotel; but not of the saloon. He was charged with burglary of the saloon, and claimed that the law of domestic servants was applicable, and that he was not guilty, because the evidence did not show an entry by actual breaking. This Court, speaking through its present Presiding Judge, held that Jackson was not a domestic servant as to the saloon, and that the refusal to submit the issue of domestic servant in that case was correct. The court said in its opinion that the evidence did not connect Jackson with the saloon as a servant in any manner whatever; that the fact that he was employed by the hotel management to scour the floors of the hotel, and to wash the spittoons and clean the corridors of the hotel, did not connect him with the saloon, though in a room of the same building. "The mere fact that the saloon belonged to, or was controlled by the management of the hotel, and that appellant was a servant in the hotel, does not constitute him a domestic servant in relation to the saloon any more that if the saloon had been rented to third parties."

We are of opinion that one whose duties do not entitle or require of him free access to the house or room in question, is not a domestic servant or inhabitant of such house or room, within the purview of Art. 1319, of our Penal Code, which requires an actual breaking, in order to constitute burglary by a domestic servant. No duties of appellant lay in the stock room in question, and the most that could be claimed for him in this behalf is that when supplies for the use of the porters were needed from time to time, he made his request known to Mr. Kiser, who had charge of the stock-room, and who furnished him such supplies therefrom. Many authorities hold that one whose duties lie outside of the house of his employer, is not a domestic servant, even though he may be called on to perform some occasional service in such house. Waterhouse v. State, 21 Texas Crim. App., 663; Williams v. State, 41 Texas Rep., 649; Jame v. State, 63 Texas Crim. Rep., 559; Jackson v. State, 43 Texas Crim. Rep., 260. That the stock-room in question was a house within the meaning of our burglary statute, is evident. Anderson v. State, 17 Texas Crim. App., 305; Jame v. State, *supra*.

The evidence failing to raise the issue of domestic servant, in our opinion, this disposes of all the contentions made by the appellant.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

December 8, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing appellant contends that under the testimony of Mr. Kiser, a witness for the State, who had charge of the stock-room on the sixth floor, which was the room alleged to have been burglarized, the issue of domestic servant was raised. The following statement of Mr. Kiser is quoted in said motion as being that which principally raises said issue: .

"He had occasion to enter the stock-room. He had charge of the janitors for five or six months and he used to come up and ask me for supplies for the house such as mops, soap and things used in the store, but he didn't work in the stock-room. He came to ask for stuff he needed to do his work in other parts of the building."

This quotation seems to us to show the opposite to what appellant claims for it, and, taken with other parts of the record, makes it plain that appellant's work and duties lay in other parts of the building, and that his only occasion for going to the stock-room was when Mr. Kiser was there, and then only to ask and receive from Mr. Kiser articles for use in that part of the building where lay appellant's work. His attitude was that of an outside servant or employee who has occasion to go to the residence or store-house of his employer for articles to be used in the outside work; or of one who went to a near by place to that of his employment for necessary articles for use in such place of employment. Mr. Kiser, in said quotation, speaking of the character of appellant's visits to the stock room, said: "He came to ask for stuff he needed to do his work in other parts of the building." Mr. Schwartz, who employed appellant and prescribed his duties, testified: "He had no business on the sixth floor. We have a porter for each floor. He was not the porter on the sixth floor." Nothing in the testimony of the witness Juaregi indicates that appellant had any business on the sixth floor. This witness was the watchman who found appellant in the stock-room on the sixth floor on the night in question, and asked him what he was doing up there, and told him it was not his business to come up there.

Our attention is called in the motion to certain authorities urged as sustaining appellant's contention, that the evidence raised the issue of domestic servant, and that, therefore, the law thereof should have been charged. Coleman v. State, 44 Texas, 109, is cited. We find no such case. Phillips' case, 42 S. W. Rep., 557, is a theft case decided on the point of ownership claimed by the State to be in the alleged owner, and by the appellant to be in another. The issue was as to whether the other person was the servant of the alleged owner or not, and the decision sheds no light on the point in the instant case. We are in accord with the Taylor case, 42 Texas, 387, in the view that a house

porter whose work lies within a building, or part of a building, is a domestic servant in such building or part thereof. The Connor case, 85 Texas Crim. Rep., 98, 210 S. W. Rep., 208, seems strongly against appellant's contention. The accused in said case was employed in the alleged burglarized store as a deliveryman. There could be no question of his right of entry into said house. The burglary was at night, and this court said: "He had no authority in the house at night, and no right to be there by breaking; the breaking was by force from the outside." In the instant case appellant was found in the stock-room at night. The trial court submitted only an entry by force, and told the jury that before they could be warranted in finding appellant guilty, they must be satisfied from the evidence beyond a reasonable doubt that the entry was made by force directly applied to the building.

We adhere to the conclusion announced in our opinion and overrule appellant's motion for rehearing.

*Overruled.*