DOYLE STODDARD V. THE STATE.

No. 15080. Delivered March 9, 1932.

The opinion states the case.

*C. H. Henly,* of Jacksboro, and *Jeff A. Fowler,* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

Appellant contends that the structure alleged to have been burglarized was not a house within the contemplation of the provisions of article 1395, P. C. We quote said article as follows: "A 'house' within the meaning of this chapter, is any building or structure erected for public or private use, whether the property of the United States, or this State, or of any public or private corporation or association, or of any individual, and of whatever material it may be constructed."

A witness for the state, upon direct-examination by the county attorney, described the structure as follows: "It is a little box and is made of wood; it is almost square with a sloping roof. It is a square structure or something of that kind. It is fairly a substantial little house, but nothing extra. It has four walls, a roof, a floor and a door. The door has a lock on it. * * * This house has been there about a year and a half, something like that. I am not sure if it is on a foundation or not. It sits there all the time; we have to move it sometimes to get it out of the way. * * * It is not often we have to move the house. It is permanently located there, and is not necessarily moved."

A witness who had measured the structure testified as follows: "It measures three and one-half feet in front and three feet and one and a half inches across the top. The front is the tallest part of the box and is three and one-half feet in height. The box is three feet and one inch in width The box is about three feet and one inch across the back part."

Another witness testified that the structure weighed approximately 150 pounds. He said it might be large enough for a man to get inside of by crawling into it, but that he could not sit up in it. This witness said he moved the structure by himself. He testified that he had the management and control of the structure. He testified, further, that the door was about fourteen inches wide. At this point we quote the testimony of this witness as follows: "It does not sit on a foundation, but has a floor in it. It is capable of being moved from place to place on the ground wherever it is convenient to use it. It was built for the purpose of leaving the surplus powder in, and was built for the purpose of moving it from place to place. I made that house. It was built so we could move it around and it was never stationary. It has been moved; I have moved it myself with no one to help me. * * * That structure was only built for temporary use; it is not a permanent structure."

The structure to which reference has been made was situated at a rock crusher. Near the crusher was a large house which was used to store dynamite in. The structure in question was used for the storage of surplus dynamite, fuses and caps, the witness in charge testifying that it held about twenty-five pounds of dynamite.

The state's attorney before this court expresses the opinion that the structure was not a house, and cites in support of his conclusion Williamson v. State, 39 Texas Crim. Rep., 60, 44 S. W., 1107, 73 Am. St. Rep.,

901, and Clark v. State, 56 Texas Crim. Rep., 494, 120 S. W., 892. In Williamson's case the structure alleged to have been a house was what is commonly known as a header box, used in connection with harvesting grain. The structure was moved from place to place in the field and grain heads placed in it. At the time of the burglary it stood about 200 yards from the place where the oats had been threshed. The box was constructed of lumber, and the sides, ends and bottoms were closed. It was covered with a wagon sheet securely fastened, so that the oats could not be taken from the box without in some way forcibly removing the cover. By actual measurement it was four feet high on one side and eighteen inches on the other side, with ends sloping from one side to the other. It was fourteen feet long and six feet wide, and held about 150 or 200 bushls of threshed oats. In holding that the structure was not a house, Judge Davidson, speaking for the court, used language as follows: "It is true that it had four sides, and was covered over, but it was nevertheless a box, and not a house. * * * The evidence excludes the idea of permanency of location or fixedness of place in regard to this house. It was portable, and made for the express purpose of being carried from place to place for the purpose of holding the heads from cut grain, or of grain after it was threshed; and was not used, or intended to be used in any way or for any purpose connected with a habitation, or other purposes for which houses are ordinarily used. Some of our cases have gone to a considerable extent in holding certain characters of structure houses, but in all such it will be found that they were fixtures. * * * We would not be understood as holding that it is absolutely necessary that a structure, in order to be considered a house, should be fixed to the soil, or that because it is portable it would not be considered a house. But we do hold, under the proof in this case, that this was not a house, but a mere box, constituting a part of the outfit for the thresher."

In Clark v. State, supra, the evidence showed that the burglarized structure was a show case situated in the center of a vestibule to a store. The show case was five or six feet square and six or eight feet high, with a cover on top. There was a door leading into the show case. It was under the general roof of the store building, but was not attached to the building, and could be moved. This show case contained the wax figure of a woman. The accused was seen to enter the door leading into the show case on the night of the burglary. It was held that the show case was not, within contemplation of the statute, a house.

In Davis v. State, 101 Texas Crim. Rep., 352, 275 S. W., 1029, the burglarized structure was a cotton pen. It was built of posts or logs about four feet on one side and three feet on the other, was floored and covered with planks, and used as a receptacle for the storage of cotton. The accused in that case made the contention that under the holding in Clark v. State, supra, and Williamson v. State, supra, the structure was not a

house. In reaching the conclusion that the structure was a house, this court said that the grain box in Williamson's case and the show case in Clark's case were shown to have been portable, and not to have been considered or used as a house. Reference was also made in the opinion to the fact that in Barber v. State (Texas Crim. App.), 69 S. W., 515, this court held a corn crib a house, and in Anderson v. State, 17 Texas App., 306, 309, an office picketed off in the corner of a hardware store was held a house. Also the case of Bingham v. State, 31 Texas Crim. Rep., 244, 20 S. W., 577, in which it was held that a sheriff's office and vault was a house, was referred to, as well as the case of Douglas v. State, 88 Texas Crim. Rep., 295, 225 S. W., 536, in which this court held a space cut off in a store by walls partly of iron and partly of beaver board to be a house. In Jame v. State, 63 Texas Crim. Rep., 559, 140 S. W., 1086, it was held that a large refrigerator used for holding and storing meats was a house.

We are unable to distinguish the present case on its facts from Williamson v. State, supra, and Clark v. State, supra. The structure in question was portable, and it does not seem to have been considered or used as a house. According to the testimony, it was not a permanent structure. Most of the witnesses referred to it as a box. The witness having the management and control of the structure, although having referred to the structure as a house, in other instances called it a box. He said: "I moved the box one time when it got in the way of the work we were doing in pulling and piling dirt out of the quarry." A second witness for the state who worked at the crusher described the structure as a little box made of wood. We are constrained to agree with state's attorney before this court that the evidence is insufficient to support a conviction for burglary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.