GEORGE LOFTIS V. STATE.

No. 25,879. June 25, 1952.
State's Motion for Rehearing Denied (Without Written Opinion) October 15, 1952.

Hon. G. C. Olsen, Judge Presiding.

*Murray J. Howze,* Monahans, for appellant.

*John P. Dennison,* District Attorney, Pecos, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is burglary; the punishment, two years in the penitentiary.

It is usual and customary in oil well drilling operations to have what is commonly called a "doghouse" near the drilling rig, which is used to store and keep tools and equipment incident to the drilling operation. This is a conviction for burglary by the breaking and entry of a "doghouse," which was a frame building about 8x10 feet, with a corrugated sheet-iron roof, four walls, a door at one end, and a window at the other, and resting upon skids rendering it movable. It was not a fixture attached to the realty; it could be loaded onto a motor truck and moved from place to place.

The proof, together with appellant's written confession, abundantly established appellant's guilt of the burglarious entry of the "doghouse" and the theft of tools therein.

It is appellant's contention that the "doghouse" was not a "house" within the meaning of the crime of burglary and that the facts are therefore insufficient to sustain the conviction.

This contention rests primarily upon the fact that the "doghouse" was mobile and capable of being moved from place to place by skidding or loading upon motor vehicles and not attached to the realty.

Art. 1395, P. C., defines a house as follows:

"A 'house' within the meaning of this chapter, is any building or structure erected for public or private use, whether the property of the United States, or this State, or of any public or private corporation or association, or of any individual, and of whatever material it may be constructed."

In Williamson v. State, 39 Tex. Cr. R. 60, 44 S. W. 1107, it was held that a "header box," which was a small box used in connection with the harvesting of grain, was not a house. The conclusion was based, primarily, upon the following:

"The evidence excludes the idea of permanency of location or fixedness of place in regard to this house. It was portable, and made for the express purpose of being carried from place to place for the purpose of holding the heads cut from grain, or of grain after it was threshed; and was not used, or intended to be used, in any way or for any purpose connected with a habitation, or other purposes for which houses are ordinarily used. Some of our cases have gone to a considerable extent in holding certain character of structures houses, but in all such it will be found that they were fixtures."

This is the rule controlling in determining what a house is, within the meaning of the burglary statute. Of course, as was said in the Williamson case, neither the fixed connection with the soil or permanency of location would be determinative of the question. Rather, it is these matters combined with the use being made of the structure that are determinative of whether the same is or is not a house.

Under such rule it was held that a railway box car was not

a house within the meaning of the burglary statute. Summers v. State, 49 Tex. Cr. R. 90, 90 S. W. 310. Special statutes (Arts. 1403 and 1404, P. C.) apply to the crime of burglary of a railway car.

A showcase located in the vestibule of a store was held not to be a house. Clark v. State, 56 Tex. Cr. R. 494, 120 S. W. 892. So, also, a portable dynamite box was held not to be a house. Stoddard v. State, 120 Tex. Cr. R. 55, 47 S. W. 2d 281.

It is insisted that the case of Luce v. State, 128 Tex. Cr. R. 287, 81 S. W. 2d 93, authorizes the conclusion that the "doghouse" here shown was a house. In that case it was held that a cabin mounted upon an automobile and used as a place of residence constituted a house. This decision, however, has now been rendered ineffective by the passage in 1951 of Art. 1404b, Vernon's P. C., which creates the separate offense of burglary of motor vehicles, with punishment affixed for a violation thereof less and different from that prescribed to the offense of ordinary burglary.

The emergency clause to the act creating the offense of burglary of an automobile shows that the legislature construed that burglary of an automobile was not within the burglary statute. Attention is called to this legislation, as against the contention that automobile-drawn trailers equipped and occupied as places of business and residence are not houses within the meaning of the burglary statute.

Here, the evidence makes no suggestion that the "doghouse" was occupied other than as a storage place or place within which to keep the tools and equipment incident to the drilling operation. It was portable and capable of being moved from place to place, with no permanent attachment to the realty, as hereinbefore pointed out.

We are constrained to agree that the Williamson case, supra, and the rule there announced require the conclusion in the instant case that the "doghouse" described is not a house within the meaning of the crime of burglary.

Accordingly, the judgment is reversed and the cause is remanded.

Opinion approved by the court.