MASON & CRAIG, Appellants, *vs.* MARIA T. HEYWARD, Executrix of JAS. F. HEYWARD, deceased, Respondent.

UPON APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

In an action for a mechanic's lien, it appeared that the labor was performed and the materials furnished principally under the Lien Law of 1855, and that pending the performance of the labor, that Act was unconditionally repealed by the Act of *March* 20, 1858, *Stat. of Min., p.* 696, *Sec.* 19. The work was commenced June 10, 1857, and the claimants filed their claim for lien under the Act of March 20, 1858. *Held* that the Plaintiff's lien depends upon this Act of March 20. That the words "shall have a claim," contained in said Act, mean and refer to the time of the passage of the Act, and subsequently, and comprehend claims of such nature existing when the Act was passed. That as between the mechanic and his employer, this retrospective operation of the Act cannot become a subject of complaint, and that this lien, (so far as the Defendant is concerned) should date back to the 10th June, 1857.

The practice of alleging, in a complaint for lien, under the lien law, the facts which authorize the demand sued to be decreed a lien upon specific property, and then so declaring it in the decree or judgment, is the correct practice in such cases.

Under the opinion of this Court in the case of *Mason & Craig vs. James F. Heyward,* 3 *Min. R.* 182, a judgment was entered in favor of the Plaintiffs, for the amount found due by the referee. And also, it was adjudged that the Plaintiffs have a lien upon the property described in the referee's report, *from the* 15th *day of June,* 1858.

This is a motion made on behalf of Plaintiffs to correct this judgment, so far as the date of their lien is concerned, so as to make it date from the day of commencing the labor, instead of the date of filing the claim for lien. The motion is made upon the record and affidavits showing that the date of June 15, 1858, was a clerical error.

Points and authorities of Respondent :

*First.*—The judgment cannot be reformed as prayed for by the Plaintiff, because

1. It appears from the pleadings and record in said cause that the claim of the Plaintiffs for lien is founded upon work done and materials furnished to said premises between the 10th day of June, 1857, and the 1st day of June, 1858, and any right to a lien which by reason thereof, and *Chap.* 16, *Laws* 1855, the Plaintiffs may have had, was merely inchoate and was divested by section six of act of Legislature passed March

20th, 1858, entitled "An act securing to mechanics a lien on lands and buildings." *Page* 695, *Public Statutes.*

Inchoate rights generally derived under a statute are lost by its repeal unless saved by express words of the statute. *Butler vs. Palmer,* 1 *Hill.* 324; 1 *Bouvier* 44; *U. S. vs. Preston,* 3 *Peters. p.* 57; *6th Wen.* 526.

2. The statutory lien of mechanics is merely an additional remedy to secure the payment of the debt. " The Statute was intended to secure the laboring man the reward of his labor," &c. "There is no such thing as a vested remedy." *N. Y. Dig.* 448; 12 *Wen.* 375; *Minot Dig.* 134.

If the right be vested, yet it is not such a right as being divested impairs the obligation of the contract, consequently the lien is taken away by act of March 20, 1858. *Satterlee vs. Mathewson,* 2 *Peters.* 380; *Parsons on Con.* 2 *Vol.* 534.

*Second.*—The Plaintiff can only claim a lien under act of March 20th, 1858, and only for services rendered and materials furnished after the passage of such act, and it not appearing from the complaint what amount was due for services rendered and materials furnished prior to the passage and what was due for the same subsequent to the passage of the act, the. Court can come to no conclusion in regard to the lien, and must deny it. The law of March 20th, 1858, does *not* give a lien for work done, &c,, prior to its passage. *See same, page* 695 *of Public Statutes.* And the law must be strictly construed.

The remedy being an extraordinary one, and also being in derogation of common right, must be construed strictly, and the Court cannot enlarge it even to prevent a failure of justice. It is a mere creature of the Statute. *N. Y. Dig.* 448 ; 12 *Wen.* 373; *Minot Dig.* 654; *Freeman vs. Craw,* 3 *Comstock* 305.

*Third.*—But if the Plaintiffs had a right to a lien under the law of 1855, of which the legislature could not divest them, by failing to comply with the conditions of that statute, they have divested themselves of any such right. They have brought no action for the recovery of their lien, and do not claim in their complaint in this cause a judgment for lien. *Vide Sec.* 11, *Chap.* 16 *Laws* 1855.

*Fourth.*—If the Court shall hold such proceedings not to have been necessary, then, if any correction be made in the

judgment which the Defendant does not ask, everything in the judgment relative to lien must be stricken out and the Plaintiffs have their judgment merely for a money demand.

*Fifth.*—If the law of 1855 did require parties to bring action for the recovery of their lien, when judgment was had in such action, such judgment as notice to parties took place of the claim lien filed (the claim under law of 1855 was filed in the office of Clerk of the Court) and this judgment having stood as such notice for nearly eighteen months, the Court is bound to presume that the alteration of it would prejudice the right of intervening parties.

*Sixth.*—Any alteration of the judgment might work to such prejudice, and in any event the Court would only give a conditional order.

SMITH & GILMAN, and D. COOPER, Counsel for Appellant.

WM. SPRIGG HALL, Counsel for Respondent.

*By the Court*—FLANDRAU, J. This is a motion on the part of the Plaintiffs to correct an error alleged to have been made by them in the entry of the judgment in this case in this Court. The motion was made in the early part of this Term and an order made allowing the amendment in a particular way, but on our attention being called subsequently to the order, it was discovered that from an imperfect statement of the facts having been furnished to the Court, we had supposed the case to have been dependent upon the lien act of August 12, 1858, when in fact it turned upon the act of March 20th, 1858. Upon this discovery being made, the motion was reargued upon a correct understanding of the facts.

It is quite clear that the object of the action was to secure a lien upon the premises described in the complaint, as well as to determine and recover the amount of the demand, and we think the complaint contains facts sufficient for that purpose. The labor was performed and the materials furnished principally under the mechanics lien law of 1855, known as the Winona act, which act pending the performance of the labor and the furnishing materials was unconditionally repealed by

the act of March 20th, 1858. *Pub. Stats.* *p.* 696, *Sec.* 19. The lien of the Plaintiffs therefore must depend upon the latter act. This latter act gives a lien as well for " claims for materials furnished or services rendered," which accrued before, as after its passage, and the liens so given relate back to " the time of the commencement of such services, or the furnishing of such materials." The language of the act is " That every dwelling house or other building, for the construction, erection or repairs of which any person shall have a claim for materials furnished or services rendered, shall, with the land," &c.; " be subject." The words, " shall have a claim," mean and refer to the time of the passage of the act, and subsequently, and comprehend claims of such nature existing when the act was passed. As between the mechanic and his employer this retrospective operation of the act cannot become justly a subject of complaint. By an examination of the Judgment Roll it is clear that the Plaintiff was entitled to have his lien date back to the 10th of June, 1857, the time when the work, &c., was commenced, instead of June 15, 1858, as stated in the judgment entry made in this Court, which was, in fact, the date of filing the certificate with the Register of Deeds. From this circumstance and the facts stated in the affidavit used on this motion, it is evident that the date of the lien as stated in the judgment was a clerical error occasioned by confounding the date of filing the certificate with the date of the commencement of the work, &c., and as against the Defendant, we see no good reason why it should not be corrected. As the mistake, however, was the act of the Plaintiffs, and has remained of record for a long period of time, the rights of third parties may have intervened, and as such parties if any are not represented in this motion, we think it our duty to refrain from expressing any opinion as to the effect the correction which we here allow may have upon such rights.

The question of the proper practice under these lien laws has been discussed and considered in this motion, and as it is of interest to the bar that it should be settled, we think that the course pursued by the Plaintiff in this case of alleging in his complaint the facts which authorize the demand sued to be decreed a lien upon the specific premises, and then so declar-

ing it in the decree or judgment, is the correct practice in such cases. The whole record is then in harmony, and the execution which is issued to enforce the decree can by proper recitals and commands instruct the officer clearly as to his duty in reaching the specific property.

It is ordered, that the judgment entered in this case be so corrected that the sum for which the same is rendered be decreed and adjudged a lien upon the lands described in the complaint *as against the Defendant* from the tenth day of June, 1857, instead of the 15th day of June, 1858, as now declared therein.