CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The appellee, Nannie J. Herrick, is a married woman. Her husband was at one time a citizen of this state, but removed to .Ohio some years since. In 1870 Mrs. Herrick returnéd to Kentucky, and has since that time been an inhabitant of Paris, Bourbon County. Her husband has continued to reside in Ohio. Mrs. Herrick instituted this action in her own name, and did not make her husband a party plaintiff or defendant; and the first question to be determined is, whether under these circumstances she can maintain it.
Section 10, article 2, chapter 52, General Statutes, provides that “ a married woman who shall come to this commonwealth without her husband, he residing elsewhere, may acquire property, contract, and bring and defend actions as an unmarried woman. But her husband may be restored to his marital rights by a judgment of the circuit court of the county of her residence, on petition in equity to which she is a party, either plaintiff or defendant. The court shall provide for the payment of the wife’s indebtedness out of her property, including ■choses in action, and may make equitable orders in regard to the remainder, and pending actions.”
Mrs. Herrick is within the description of persons intended to be benefited by this statute, unless she is excluded because she came to Kentucky prior to the adoption of the General .Statutes. To exclude her because the statute speaks only of married women “ who shall come,” etc., would be to adhere to the letter of the law and to disregard its spirit. It was intended :as an enabling act, for the benefit of a class of persons laboring under legal disabilities, and not enjoying the protection incident to the state of marriage, because of the absence from the •commonwealth of their husbands; and a person clearly within this class will not be denied the benefit of a remedial statute by grammatical construction, at the expense of the manifest legislative intent. This section is wholly disconnected from, *126 and in no degree dependent upon, section 6, which makes provision for courts of equity, empowering married women to acquire property and trade as femes sole, and does not fall within the rule announced in the cases of Uhrig v. Horstman & Sons (8 Bush, 172) and Hannon v. Madden (10 Bush, 664).
Mrs. Herrick is not attempting here to exercise the right of a feme sole. She is merely exercising the personal right secured to all women, married or unmarried, of prosecuting an action to which she is a necessary party, and in which she has a direct personal interest; and she has omitted to make her husband a party, not because she claims the right in general to act as a feme sole, but because the statute permits all married women, circumstanced as she is, to sue in their own names, and to make contracts and acquire property, subject to the marital rights of their husbands, should they see proper to assert them.
The court below did not err in refusing to sustain the appellant’s plea in abatement.
The refusal to grant a postponement of the trial was not an abuse of judicial discretion. It was admitted the absent witness would prove all the material facts set out in the two affidavits, and the appellant had no right to a postponement to enable it to procure the attendance of a person not in its employ to assist its counsel in the preparation and management of its defense.
Instructions Nos. 1, 3, and 4, given on motion of appellee, seem in no wise objectionable, and the definition of gross neglect is far more favorable to appellant than it had the right to demand; and instruction No. 4 obviated the necessity of giving either of Nos. 1, 2, 3, and 4, asked by appellant, even if they had been unobjectionable. But they bach and all confuse gross neglect with willful or intentional wrong, and are in that respect erroneous. The term “ willful neglect ” was introduced into the jurisprudence of this state by the act of March 10, *127 1854, and it has always been in the construction of that act that this court has held it necessary to show a state of case quasi criminal in its nature, to authorize the recovery of punitive damages. This is a common law proceeding to recover damages for a personal injury not resulting in death, and punitive damages were recoverable, if the proof showed that the company failed to use such diligence in keeping its railroad bridge in repair as careless and inattentive persons usually exercise in the prosecution of the same, or of business of like character. The absence of slight care in the management of a railroad train, or in keeping a railroad track in repair, is gross negligence; and to enable a passenger to recover punitive damages, in a case like this, it is not necessary to show the absence of all care, or “ reckless indifference to the safety of ; . passengers,” or “intentional misconduct” on the part of the agents and officers of the company.
The other instructions asked by the appellant all related to the legal disability of the appellee, and were, for reasons already given, properly refused. The instructions given by the court, of its own motion, were of the most favorable character for the appellant. There was no necessity to instruct, that notice to the employees of the predecessor of the appellant, in the control and management of the road, was not notice to it. No such proposition was insisted on or even presented by the appellee.
We can not say the verdict for $5,000, in the way of damages, for an injury which manifestly resulted in great physical and mental suffering, and which most probably involves the permanent reduction of the strength of the broken leg, is so excessive as to make it appear that the jury were influenced in their action by passion or prejudice.
Judgment affirmed.