## Ex Parte Henderson Parker.

### No. 4088.   Decided June 23, 1909.

**City Charter and Ordinance—Corporation Court—State Penal Law—Constitutional Law—Caption of Bill.**

The Act of the Thirtieth Legislature granting a special charter to the city of Texarkana providing in said Act for a city or c poration court to try offenses against State penal laws is constitutional.   Following Ex Parte Abrams, 56 Texas Crim. Rep., 467.

From Bowie County.

Original application for writ of habeas corpus asking release from commitment under a conviction under the provisions of a special charter of a violation of the State penal law for unlawfully carrying on his person a pistol; penalty, a fine of $200.

The caption of the act is as follows: "A bill to be entitled an Act to incorporate the city of Texarkana, Texas, as a city of the first class, as a city of ten thousand and over of inhabitants; to grant to the said city a special charter; to repeal all laws in conflict herewith; and declaring an emergency.

The opinion states the case.

*Hart, Mahaffey & Thomas,* for relator.—Where the Legislature, by special act, grants to a city a charter, and in the said charter, as one of the incidents thereof, provides for a court in said city with jurisdiction to try violations of State laws, said portion of said charter providing for said court is void, for the following reasons:

The Legislature can not confer upon city courts jurisdiction to try offenses against State laws.   Ex parte Anderson, 46 Texas Crim. Rep., 372; Ex parte Coombs, 38 Texas Crim. Rep., 648; Leach v. State, 36 Texas Crim. Rep., 248.

The Legislature can not, in the same act, incorporate a city and create a State court, because the Constitution prohibits bills containing more than one subject.   Const., art. 3, sec. 35.

The Legislature can not, by a special act incorporating a city, repeal the general laws of the State creating State courts in each of the incorporated cities and towns of this State, or impair the jurisdiction of such State courts.

The portion of the act granting to the city of Texarkana a special charter, which provides for a court in said city with jurisdiction to try offenses against the penal laws of the State, is void, because the subject of creating a court is a distinct object, and is not expressed in the caption or title of said act. Const., art. 3, sec. 35; Giddings v. San Antonio, 47 Texas, 548; Peck v. San Antonio, 51 Texas, 490; Adams v. San Angelo Waterworks Co., 86 Texas, 485.

*F. J. McCord,* Assistant Attorney-General, for the State, and *F. M. Bald,* city attorney, for the respondent.—The Legislature may grant to a city a charter, and, as one of the incidents to said charter, confer jurisdiction upon the Corporation Court therein provided for to try violations against the State laws; hence the charter is not void, but valid, for the following reasons:

First: The Legislature may confer upon the Corporation Court jurisdiction to try offenses under the State laws. Sec. 1, art. 5, Constitution of 1876, and amendment, 1891; Harris County v. Stewart, 91 Texas, 133; Ex parte Wilbarger, 41 Texas Crim. Rep., 514; 55 S. W. Rep., 968; Ex parte Hart, 41 Texas Crim. Rep., 581; 56 S. W. Rep., 341.

Since Acts of the Twenty-Sixth Legislature, page 40, creating Corporation Courts, became effective, this court has overruled the Coomb's case and Leach's case, relied on by relator.

The Legislature may in the same act incorporate city and create State courts, and in doing so the constitutional inhibition against bills containing more than one subject is not violated, for that a liberal construction obtains, and where the parts objected to (the court) could be considered as appropriately connected with, or subsidiary to, the main object sought to be attained, the court should give it the full effect. Brown v. City of Galveston, 97 Texas, 1; Johnson v. Martin Wise, 75 Texas, 33; Ex parte Mabry, 5 Texas Crim. App., 93; Albrecht v. State, 8 Texas Crim. App., 216; Davey v. Galveston, 45 Texas, 291; Floecks v. State, 34 Texas Crim. Rep., 314; McGurn v. Board of Education, 24 N. E. Rep., 529; State ex rel. Nash v. Modson, 45 N. W. Rep., 856; Logan v. Solano Co., 3 Pac., 463; Fahey v. State, 11 S. W. Rep., 108; 27 Texas Crim. App., 146; Austin v. Gulf, C. & S. F. Ry. Co., 45 Texas, 234; Johnson v. Harrison, 47 Minn., 575; Clark v. Finley, 93 Texas, 171; City of Jonesboro v. Cairo Ry. Co. (U. S. Sup.), 28 Law Ed., 118.

The generality of the title or caption is not objectionable so long as it is not made a cover to the legislation, incongruous in itself, and by which fair intendment can be considered as having a necessary or proper connection. Johnson v. Martin, 75 Texas, 33.

The Constitution requires that the general ultimate object sought to be accomplished to be stated in the title, and not the details by which the object is to be accomplished. Any provision seeking to carry the

declared object into effect is unobjectionable, though not specially indicated in the title. Smith v. Grayson Co., 18 Texas Civ. App., 153; Snyder v. Compton, 87 Texas, 374; Cooley's Constitutional Limitation, page 170 et seq.; see notes; Sales' Annotated Constitutional History, under art. 3, sec. 35.

The Legislature may by special act incorporate a city, prescribe the jurisdiction of the court, and conform the jurisdiction of the County Court and the other inferior courts of the State to the jurisdiction of said Corporation Court. See amendment to article 5, sec. 1.

"The Legislature may establish such other courts as it may deem necessary, and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the District and other inferior courts thereto."

If, therefore, the powers of the Legislature of the State of Texas were delegated, and not inherent, this amendment to the Constitution affords the absolute and unconditional authority to create this court and any other court that it may deem necessary.

The Legislature, by special enactment, may change, limit, increase or decrease the jurisdiction of the County Court, and conform the jurisdiction of other courts thereto.

The soundness of this proposition has long been established, and is not an open or debatable question. Instances are too innumerable to mention where, by special acts, such legislation has been put into effect by the uniform approbation of all the courts in Texas. We may inquire, How may such be done if not by special acts?

That portion of the charter providing for a court in said city with jurisdiction to try offenses against the penal laws of the State of Texas is valid. The creation of the court is not required to be expressed in the title, it not being a distinct subject, but one that is purely subsidiary to the main object sought to be accomplished by the bill, and is not required to be expressed in the title.

The court is but an incident to the charter as one of the necessary and essential functionaries ensuing from the same. The term "new charter" carries with it all things thereto incident necessary to the perfection of the same, or ordinarily arising, and it becomes immaterial that the title to the statute is grouped in general terms, without generality or speciality. The better practice suggests generality rather than particularity, for that, in the manifold powers ordinarily conferred by a city charter, as an incident to the same, omissions in a resort to particularity would necessarily follow, and thereby make the instrument nugatory, and the doctrine "expressio unus est exclusio alterius" would control.

RAMSEY, Judge.—This is an original application for a writ of habeas corpus.

The Thirtieth Legislature created a special charter for the city of Texarkana, and, among other things, provided for a Corporation or

City Court, conferring upon it, in said act, jurisdiction within the limits of the city in all criminal cases arising under the ordinances, and concurrent jurisdiction with the justice of the peace in all criminal cases arising under the laws of this State, except authorizing the recorder to act as a magistrate in examining trials, as well as other authority in said act fully set out.

This act is claimed to be invalid for the reason, first, that the Legislature can not confer upon City Courts jurisdiction to try offenses against State laws; second, that the Legislature can not, in the same act, incorporate a City and create a State Court, because the Constitution prohibits bills containing more than one subject; third, the act is invalid because the effect of creating such a Corporation Court would operate as a repeal of the general laws of this State and impair their jurisdiction. These several matters, as well as all grounds upon which relator's release is sought, were fully considered and discussed in the recent case of Ex parte Abrams, where we held adversely to relator's contentions.

Believing that relator is held under a valid judgment of conviction, it is ordered that he be, and he is, hereby remanded to custody.

*Relator remanded.*

DAVIDSON, PRESIDING JUDGE.—For reasons for my dissent in this case, see those in dissenting opinion in Ex parte Abrams, decided at present term.