ETHEL BENNETT v. THE STATE.

No. 4757.    Decided June 5, 1918.

1.—Vagrancy—Corporation Court—County Court—Jurisdiction.

Where appellant was convicted in the Corporation Court of Texarkana for vagrancy under the State law and her fine was assessed at ten dollars, the conviction was final and her attempted appeal to the County Court was properly dismissed. But had the fine exceeded twenty-five dollars, then her exclusive right of appeal would have been to this court.

2.—Same—Corporation Court—Constitutional Law.

Since the adoption of the amendment to the judiciary article of the Constitution, September 22, 1891, it has been held that the Legislature had the power to create a Corporation Court in any of the cities of this State and give it jurisdiction to try any misdemeanor case against the criminal laws of the State. Following Ex parte Abrams, 56 Texas Crim. Rep., 465, and other cases.

3.—Same—Constitutional Law—Jurisdiction.

Under article 5, section 5, of the Constitution of Texas, appellate jurisdiction co-extensive with the limits of the State is expressly conferred upon this court in criminal cases of whatever grade, and the Legislature has the power to give direct appellate jurisdiction from the Corporation Court of Texarkana to this court. Following Cornelius v. City of Dallas, 37 Texas Crim. Rep., 309, and other cases.

Appeal from the County Court of Bowie. Tried below before the Hon. J. B. Lytle.

Appeal from a conviction of vagrancy from the Corporation Court; penalty, a fine of ten dollars and dismissal of appeal in the County Court for want of jurisdiction.

The opinion states the case.

' *T. W. Graham* and *Sid Crompton,* for appellant.—Cited Leach v. State, 36 Texas Crim. Rep., 248; Johnson v. State, 42 id., 103; State ex rel. Bergeron v. Travis County Court, 76 Texas Crim. Rep., 147, 174 S. W. Rep., 365.

*E. B. Hendricks,* Assistant Attorney General, and *William V. Brown,* City Attorney, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—Appellant was prosecuted in the Corporation Court of Texarkana for vagrancy under the State law, was found guilty, and fined $10.

She attempted to appeal to the County Court, but upon motion of the State's attorney the case was dismissed because the County Court had no jurisdiction of the appeal. The sole question in the case is whether or not the County Court had jurisdiction of the appeal. If it did, the case must be reversed; if it did not, it must be affirmed.

By a special Act of the Legislature approved May 2, 1907, page 823, et seq., the City of Texarkana, as a city of the first class with inhabitants of over ten thousand, was incorporated. By sections 131 to 144, inclusive, there was created within said city a Corporation Court thereof, and it was given concurrent jurisdiction within its corporate limits with Justice of the Peace Courts and County Court of said county in all · criminal cases arising under the criminal laws of the State; and the jurisdiction of the County Court was conformed thereto, and all laws in conflict therewith were repealed. By section 144 appeals from said Corporation Court to the County Court were authorized, and where the fine imposed in the County Court exceeded $100 the right of appeal to this court was given.

By a special Act approved March 22, 1909, page 726, section 144, of the Act of 1907, was expressly replaced by the enactment of that section, by which it was provided that the right of appeal from the Corporation Court, whether conviction be had for violation of a city ordinance or for a law of the State, was expressly restricted to this court and the right of appeal was thereby taken from the County Court. Then again by special Act approved March 20, 1913, page 232, section 144, of the Act of 1909, was replaced entirely, whereby it was· expressly enacted: "from every conviction had in the Corporation Court of the City of Texarkana, Texas, where a fine in excess of $25 has been imposed, there shall be the right of appeal, whether such conviction be had under a prosecution for a violation of an ordinance of the said city, or a law of the State; but such right of appeal shall lie only to the Court of Crim-

inal Appeals of Texas, and all appeals shall, accordingly, be returnable to the Court of Criminal Appeals of Texas, and not otherwise."

By these several Acts it is seen that clearly all appellate jurisdiction from said Corporation Court was expressly taken away from the County Court and it was denied any appellate jurisdiction from said Corporation Court. And it is seen that where the fine imposed in the Corporation Court did not exceed $25 appeal to any court was prohibited and such judgment made final, but where the fine exceeded $25 then exclusive appellate jurisdiction was given to this court.

The earlier decisions of this court show that there was a difference of opinion among the judges of this court as to whether or not the Legislature, under the various constitutional provisions had the right and power to create a Corporation Court in any of the cities of this State and give it jurisdiction to try any case against the criminal laws of this State. But since the adoption of the amendment to the judiciary article of the Constitution September 22, 1891, it was expressly held by our Supreme Court that the Legislature clearly had such power and authority, and such has been the uniform holding of this court since the decision in Ex parte Abrams, 56 Texas Crim. Rep., 465. Harris Co. v. Stewart, 91 Texas, 133; May v. Finley, 91 Texas, 352 (and other decisions of the Courts of Civil Appeals); Abrams case, supra, 56 Texas Crim. Rep., 465; Fricks v. State, 58 Texas Crim. Rep., 100; Ex parte Clark, 56 Texas Crim. Rep., 494, 120 S. W. Rep., 892; Ex parte Parker, 56 Texas Crim. Rep., 544; Ex parte Parker, 120 S. W. Rep., 892; Ex parte Wilbarger, 41 Texas Crim. Rep., 514; Ex parte Hart, 41 Texas Crim. Rep., 581; Bergeron v. County Court, 76 Texas Crim. Rep., 147. The Abrams, Fricks, Clark and the two Parker cases, supra, were all cases arising under said sections of the charter of the City of Texarkana. There is no necessity of discussing the question or the authorities. The Legislature of the State since the amendment of the judiciary article, and even before then, and said decisions, have repeatedly and in many instances, unnecessary to cite, passed laws taking from the County Court all criminal jurisdiction and conferring it upon other courts, conforming the jurisdiction of the various courts thereto. No question is now made of the validity of all such statutes.

Article 5, section 5, expressly confers upon this court appellate jurisdiction co-extensive with the limits of the State when criminal cases of whatever grade "with such exceptions and under such regulations as may be prescribed by law." Article 5, section 16, of the Constitution prescribes that County Courts shall have appellate jurisdiction in criminal cases of which Justice's Courts have original jurisdiction "under such regulations as may be prescribed by law"; and then it provides that where there are appeals from the Justice's Courts to the County Court when such appeals are provided for that the trial shall be de novo in the County Court, and then appeals from that trial in the County Court to this court "with such exceptions and under such regulations as may be prescribed by law." In said section 16 the Constitution prescribes

that there shall be no appeal from trials in the Justice's Courts in civil cases where the judgment shall not exceed $20 and does not commit to the Legislature, as it does in criminal cases, the right to regulate appeals in such small judgments, "under such regulations as may be prescribed by law." This court expressly held in Cornelius v. City of Dallas, 37 Texas Crim. Rep., 309, that the provision of the charter of the City of Dallas which provided that "no appeal shall lie from this (city court) unless the fine is $20 or more, and then only to the Court of Appeals (this court), was valid," and that the Legislature had the authority to impose this restriction upon the right of appeal from convictions had in the city court. Exactly the same holding was made by Judge Hurt in George v. City of Dallas, 39 S. W. Rep., 1118. It is therefore clear that under the Constitution and decisions, the Legislature had the right in regulating appeals from said Corporation Court of Texarkana to restrict appeals to cases where the fine imposed was more than $25, and to prevent appeals when less than that sum, as it clearly did do in the said provisions of the charter of Texarkana.

Therefore the County Court was correct in holding that it had no jurisdiction and dismissing the appeal.

The judgment is affirmed.

*Affirmed.*