## Howard Shipp v. The State.

### No. 6328.   Decided June 22, 1921.

**1.—Unlawfully Catching Fish—Information.**

Where, upon trial of unlawfully catching fish, etc., the information was sufficient to charge such offense, under the act of the Thirty-sixth Legislature, Chapter 73, Section 35 of said act, there was no reversible error in overruling a motion to quash.

**2.—Same—Criminal District Court of Bowie County—Jury and Jury Law.**

Where the defendant was tried for a misdemeanor and convicted in the Criminal Court of Bowie County, before a jury composed of six men, the judgment must be reversed and the cause remanded. Following Rochelle v. State, 232 S. W. Rep., 838.

Appeal from the Criminal District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully catching fish; penalty, a fine of $25, and thirty days' confinement in the county jail.

The opinion states the case.

*W. W. Arnold,* for appellant.—On question of insufficiency of the information: Venturio v. State, 40 S. W. Rep., 974.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, Judge.—It was charged against appellant that in the county of Bowie and the State of Texas, he did then and there unlawfully catch and take, and did unlawfully attempt to catch and take, fish in and from a certain stream, lake and pool of fresh water then and there situated, to-wit, in and from a stream lake and pool of water known as Grindle lake in Barkman Creek, by the use then and there of dynamite and other explosives, put into said water. Conviction was had and punishment assessed at a fine of twenty-five dollars and thirty days imprisonment in the county jail.

The prosecution seems to have proceeded under chapter 73 of an Act passed by the second called session of the Thirty-sixth Legislature in 1919, and under Section 35 of said Act, which reads as follows:

"The catching, taking or killing of fish, green turtle or terrapin in any of the salt waters or fresh waters, lakes or streams in the State

by poison, lime, dynamite, nitroglycerine, giant powder or other explosives, or by the use of any drugs, substances or thing deleterious to fish life, is hereby prohibited; and any person offending against this article shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less that twenty-five dollars nor more than two hundred dollars, and by confinement in the county jail not less than thirty nor more than ninety days."

Motion was made to quash the information, which was overruled by the court, and we think properly so, as the information seems to be sufficient to charge the offense denounced by the said section of the statute referred to.

Complaint is made that this case was tried in the Criminal District Court of Bowie County before a jury composed of six men, and that the same was unauthorized. Under the authority of the case of Rudolph Rochelle, 89 Texas Crim. Rep., 592, 232 S. W. Rep., 838, Number 6327, this day decided, this assignment must be sustained. It is not necessary to discuss the matter at any length, as our reason fully appear in the case above referred to.

For this error, the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*