Ex Parte Vernie Norton.

No. 10886. Delivered January 9, 1929.
Rehearing denied State November 13, 1929.

The opinion states the case.

*L. C. Boswell* and *W. W. Arnold,* both of Texarkana, for relator.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Relator is under conviction in the Corporation Court of the City of Texarkana for an offense denounced by Art. 1346, P. C., 1925, which offense is within the jurisdiction of the county court but not within the jurisdiction of the justice court, and in which a six months' jail penalty may be assessed.

The validity of the judgment depends upon whether the corporation court had jurisdiction of the subject matter. Such jurisdiction is claimed by the city to come from certain legislative and corporation acts, a résumé of which follows:

In the year 1907, the city was, by special act of the Legislature, granted a charter in which, by Sections 131 and 144, the corporation court was created and jurisdiction defined, as covering offenses denounced by the city ordinances and state laws, when the latter came within the jurisdiction of the justice or county court, and were committed within the city. Appeals were provided for to the county court and from that court to the Court of Criminal Appeals when the judgment in the county court amounted to a fine of one hundred dollars.

Section 132 of the charter makes the mayor, or at the option of the city council, a recorder appointed by the council, a magistrate to preside over the court and exert the powers granted by the act.

In the year 1909, by special legislative act, Section 144, supra, was amended so as to give the right of appeal in all cases tried in the corporation court, such appeal, however, to be to the Court of Criminal Appeals in all cases. (Special Laws, 31st Leg., Chap. 96.)

By special act of the Thirty-third Legislature in the year 1913, Sec. 144, supra, was again amended so as to deny appeals in all cases where the punishment was by a fine of less than twenty-five dollars. Certain sections of the charter were amended by a vote held under the Home Rule Amendment to Art. 11, Sec. 5 of the Constitution, and by Chap. 13, Title 28, R. S., 1925.

The writer is of the opinion that that part of the city charter which confers upon the corporation court jurisdiction of offenses against the state law, not cognizable by the justice court but cognizable by the county court is not valid. Such opinion is entertained for the reason that it is believed that the provisions last mentioned offend against many general laws of the state, as well as various provisions of the Constitution. Whether that conclusion be sound or not, it is believed that a prosecution in which a jail penalty may be assessed cannot be transferred from the county court situated at the county seat and tried by a corporation court situated elsewhere. This the writer understands to be in accord with the announcement of the Supreme Court of this state in the case of Turner v. Tucker, 113 Tex. Rep. 434, 258 S. W. Rep. 149.

Before entering upon a review in detail of the reasons for the conclusion mentioned, it may be said that the Act of 1913, supra, is not effective because at the time it was passed, all power to grant or change a city charter by a special law had been withdrawn by amendment to Art. 11, Sec. 5, of the Constitution adopted Nov. 5, 1912. See R. S., 1925, Title 28, Chap. 13, relating to the Home Rule Amendment; also King v. State, 105 Tex. Crim. Rep. 416. The conviction can gather no sanction from the amendment of the charter by a vote for the reason that the amendment of Art. 11, Sec. 5, and the statute mentioned above inhibit a city charter *"containing any provisions inconsistent with the Constitution of the State or the general laws enacted by the Legislature."*

The general law of the state enacted by the Legislature and set forth in Art. 1195, R. S., 1925, prescribes the jurisdiction and constitution of city courts in terms quite inconsistent with those contained in Sec. 144 of Acts of 1907 and 1909, supra, particularly in the matter of the restriction of the right of appeal, and the invasion of the exclusive original jurisdiction of the county court. There being no general law of the state which confers upon a corporation

court the jurisdiction of offenses against the state law which are cognizable under the terms of the general law by the county court and not by the justice or corporation courts, there arises in the mind of the writer a serious question touching the power of the city after having amended its charter under the Home Rule Amendment to the Constitution, to operate a corporation court with powers inconsistent with the general law covering the formation and jurisdiction of such courts. In other words, the city, by acting under the authority of the Home Rule enabling act, would be obliged to conform the jurisdiction of the court to the general law instead of a special law. Aside from that which has just been written and accepting the adjustment of the conflict between the opinions of this court set forth in Leach v. State, 36 Tex. Crim. Rep. 248, and those of the Supreme Court announced in Harris County v. Stewart, 91 Tex. Rep. 133, by which adjustment the power of the Legislature to vest in corporation courts jurisdiction of offenses against the state cognizable by the justice courts was upheld, it is believed that there are cogent reasons for denying such power to vest in corporation courts jurisdiction of those misdemeanors which by general law are cognizable alone by the county court and appealable alone to the Court of Criminal Appeals.

By Art. 5, Sec. 15, of the Constitution, there is established in each county a county court which should be a court of record; and there should be elected to preside over the court a county judge. In Sec. 16, the county court is given jurisdiction over all misdemeanors of which exclusive jurisdiction is not given to the justices' courts as the same is now or may hereafter be prescribed by law, and when the fine to be imposed may exceed $200.00. The county court shall not have criminal jurisdiction in any county where there is a criminal district court unless expressly conferred by law. The county court is given appellate jurisdiction from the justices' courts in all criminal cases, and appeals from the county court in criminal cases, when allowed, are to the Court of Criminal Appeals. By Sec. 17, it is declared that the county court shall hold a term for criminal business once in every month as may be provided by law. Justice courts, by Art. 5, Sec. 19, of the Constitution, are given jurisdiction in criminal cases where the penalty or fine to be imposed by law may not be more than two hundred dollars. This is concurrent with the county court.

By Art. 5, Sec. 5, of the Constitution, appellate jurisdiction is conferred upon the Court of Criminal Appeals in all criminal cases

under such regulations as may be prescribed by law. By law it is provided that appeals to the Court of Criminal Appeals are upon a record made in a manner which can only be made in a court of record. See Ency. of Law & Proc., Vol. 11, p. 657; Words & Phrases, 2nd series, Vol. 1, p. 1117, Vol. 2, p. 60. By Art. 1602 of the Revised Civil Statutes, it is declared that all terms of the district, county and commissioners' courts shall be held at the county seat; and by Art. 1605 it is declared that the officers (the county judge, clerk of the county court, the county attorney and other named officers of the county) shall keep their offices at the county seat. From the Constitution and statutory provisions to which reference is made, it seems evident that in our system of jurisprudence it is contemplated that the county court, being a court of record, shall hold its sessions to transact business, including the trial of criminal cases, at the county seat. Upon the subject in hand much light is thrown by the opinion of the Supreme Court of this state in the case of Turner v. Tucker, 258 S. W. Rep. 149, in which an act of the Legislature creating what was designated as the "Texarkana Court at Law" and prescribing its jurisdiction in conformity with other courts was held to violate certain provisions of the Constitution. By the act in question the corporation court was located at Texarkana, a place other than the county seat of the county, and the jurisdiction of the district court sitting at the county seat was curtailed by the terms of the act in conferring upon the Texarkana Court at Law jurisdiction of civil and criminal cases cognizable by the district and county courts of that county occurring within the territorial limits of Commissioners' Precinct No. 1 of Bowie County. The Supreme Court, in dealing with the attack upon the validity of the court, regarded its substance rather than its name and declared it to be in effect but a district and county court established at a place other than the county seat of the county, contrary to the provisions of the statute and terms of the Constitution contemplating that the district and county courts should be held at the county seat. In the opinion are cited the cases of Whitener v. Belknap & Co., 89 Tex. Rep. 273; Ex parte Towles, 48 Tex. Rep. 429; Rochelle v. State, 89 Tex. Cr. R. 592, 232 S. W. Rep. 838; Shipp v. State, 89 Tex. Cr. R. 584, 232 S. W. Rep. 840; Bennett v. State, 89 Tex. Cr. R. 617, 232 S. W. Rep. 841; also the statutes which have been adverted to above requiring the county officials to maintain their offices at the county seat and sessions of the county and commissioners' courts to be held there, and certain clauses of the State Constitution.

To the mind of the writer, the validity of the charter provision upon which the conviction rests cannot be upheld without coming in conflict with the decisions of the Supreme Court of this state construing the controlling constitutional and statutory provisions as has been pointed out by reference to the opinion of the Supreme Court in the case of Turner v. Tucker, supra. If there were doubt in the mind of the writer, he would be constrained to resolve it so as to bring the opinion of this court in accord with that of the Supreme Court touching the effect of the provisions mentioned. This state occupying the unique position of having two courts of last resort—one of civil jurisdiction and the other of criminal jurisdiction—it is a cause of satisfaction that in but very few instances have the decisions of the two courts been in conflict. At the present time, so far as the writer is aware, they are in conflict in no matter of statutory construction or substantive law. It is of great concern to the public that such status continue. Aside from the importance of harmony between the two courts of last resort, the writer is of the opinion that in the attempt to transfer to the corporation court not situated at the county seat nor presided over by any officer of the state elected by the people of the county, power to try cases exclusively cognizable by the county court does not exist. The further opinion is expressed that the city of Texarkana, which had previously acted under a special charter enacted by a special act of the Legislature, having elected after the adoption of the Home Rule Amendment to the Constitution giving authority to cities of the population of Texarkana to adopt its own charter and after the enactment by the Legislature of the enabling act, to take advantage of the privilege of adopting its own charter, could not avail itself of the advantage of the local self-government accorded by the Home Rule Amendment and the enabling act without subjecting itself to the restrictions which were thereby imposed, one of which would be that its corporation court should conform to those prescribed by the general law of the state.

For the reasons stated, the writ of habeas corpus is granted and the relator ordered discharged.

*Writ granted.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have considered carefully the contentions made in the able motion for rehearing filed by the State. The writer is of opinion that the corporation court of the City of Texarkana was legally created in 1907 as part of a special charter

then granted said city by the legislature; and that said court was rightfully given jurisdiction of misdemeanor cases arising within the city limits over which the county court of Bowie county had original jurisdiction. The jurisdiction of this court was attacked and the question above stated was decided in line with the above statement in Ex parte Abrams, 56 Texas Crim. Rep. 465, 120 S. W. Rep. 883; Ex parte Parker, 56 Texas Crim. Rep. 544; Ex parte Clark, 120 S. W. Rep. 892, and Frick v. State, 124 S. W. Rep. 922, none of which have been overruled,—but on the contrary have been approved. This same thing was substantially held in Ex parte Wilbarger, 41 Texas Crim. Rep. 514, 55 S. W. Rep. 968, and Ex parte Hart, 41 Texas Crim. Rep. 581, 56 S. W. Rep. 341, wherein corporation courts were upheld whose jurisdiction was fixed by the general law of 1899, enacted in pursuance of the provisions of the 1891 amendment to Sec. 1, Art. 5 of the Constitution,—by whose express language the legislature was empowered to create "other courts" beside the district, county and justice courts, and to "conform the jurisdiction of the district and other inferior courts thereto." The jurisdiction of such courts was upheld and all opinions contrary thereto overruled. Substantially the same thing was held by our Supreme Court in Harris County v. Stewart, 91 Tex. 133, and May v. Finley, 91 Tex. 354, in which were discussed the scope and effect of said constitutional amendment of 1891. These authorities, and especially Ex parte Wilbarger, Harris County v. Stewart, and Ex parte Abrams, supra, so fully cover the identical points here raised, and are reasoned so logically and set out conclusions in such plain and unanswerable terms as that the writer deems it only necessary to cite them as in complete settlement of the questions above adverted to.

This much is said in view of the fact that the writer is not in accord with much of the reasoning and many of the deductions of the original opinion and is of opinion that said court was and is legally constituted. However, since the rendition of the opinions of this court above mentioned, the people of this State adopted in 1912 what is known as the Home Rule Amendment, being Sec. 5, Art. 11 of our present Constitution, in which cities of more than 5000 population were given the right to adopt or amend their charters with the following limitations: "Subject to such limitations as may be prescribed by the legislature, and providing that no charter or any ordinance passed under said charter *shall contain* any provision inconsistent with the Constitution of the State, or of

the general laws enacted by the legislature of this State." At the time of the adoption of said Home Rule Amendment there was on our statute books a general law passed by the Regular Session of the 26th Legislature creating corporation courts in all incorporated towns and cities of Texas, and providing that such courts should have jurisdiction of criminal cases arising within the corporate limits of such town or city, concurrent with the justice court, when the punishment was by fine only, and in cases where the maximum fine did not exceed $200.00. (Sec. 2, Chap. 33, General Laws 26th Leg., Regular Session.) This section is now Art. 1195, Revised Civil Statutes 1925.

The writer is of opinion that from the adoption of said Home Rule Amendment the jurisdiction of Texarkana Corporation Court in criminal matters was as fixed by the general law of this State above referred to, and hence said court was thereafter without jurisdiction to try this applicant or any other person for an offense punishable by confinement in the county or city jail.

If it be contended that the language of the Home Rule Amendment above quoted is prospective in effect and that it did not take from charters already in existence powers therein enumerated, even though same were in contravention of the general laws of this State, we would reply that we can not uphold a contention which would necessarily result in the abrogation of one of the most sacred of the very fundaments of our government, viz.: that all men have equal rights before the law and that no man or set of men is entitled to governmental privileges above his fellows. The language of the Home Rule Amendment does not compel prospective interpretation of its terms. While authorities hold that when used as indicative of past, present or future operation, the word "shall" commonly refers to the future,—see Jones v. Bank, 17 Colo. App. 79; Murphy v. McKeon, 53 N. J. Eq. 406; Meadowcroft v. People, 45 N. E. Rep. 991; Stisser v. N. Y. Cent. Ry. Co., 52 N. Y. Supp. 861,—this will be found to be the result of accompanying words or the use of "shall" in such connection as necessitates such interpretation. Other authorities give the word a present or what might be called a retrospective effect. Shanklin v. McNamara, 26 Pac. 345; Wright v. Roseberry, 121 U. S. 488; Kelly v. Owen, 74 U. S. (7 Wall.) 496; Mason v. Heyward, 5 Minn. 74; Forbes v. State, 43 Atl. 626; Outcalt v. Outcalt, 42 N. J. Eq. (15 Stew.) 500; Fitzpatrick v. Simonson, 86 Minn. 140; Maysville & L. Ry. Co. v. Herrick, 76 Ky. 122. Most if not all of these cases cited are in point and sustain

our view of the correct interpretation of the word "shall" when used as in our Home Rule Amendment at the place referred to. If the framers of the Constitution had meant to attempt to give any part of our citizenship vested rights in purely governmental functions, they could have easily said so by inserting after the first word "charter" in the quoted part of the Home Rule Amendment the words "hereafter adopted." They did not do so, and, in consequence with what we conceive to be our duty to so construe laws as to bring about harmony and unity of application and effect,—we will not do so by construction.

Being of opinion that said court was constitutional in its creation and functions, and that it still is save as herein set forth, but believing that since 1912 and now said corporation court has been and is without jurisdiction to try a misdemeanor offense punishable by imprisonment, and that this much of the conclusion as expressed in the original opinion is correct, the motion for rehearing by the State will be overruled.

*Overruled.*

HAWKINS, JUDGE.—My Brethren entertain different views as to the status generally of the Corporation Court of the City of Texarkana as reflected by the original opinion and the one on rehearing, but they agree on the proposition that said court in any event is without jurisdiction to try a case where the punishment may be imprisonment. I am in accord with the conclusion thus reached by each of my Brethren. Agreement on that question disposes of the present case, and it seems unnecessary for me at this time to present my views upon the point of difference.