**ARKANSAS LOUISIANA GAS CO. v. CITY OF TEXARKANA, TEX., et al.**

No. 8788.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1938.

W. C. Fitzhugh and H. C. Walker, Jr., both of Shreveport, La., and Jno. J. King, of Texarkana, Tex., for appellant.

Ed. B. Levee, Jr., of Texarkana, Tex., and F. B. Davenport and Shirley W. Peters, both of Dallas, Tex., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and DEAVER, District Judge.

HUTCHESON, Circuit Judge.

Appellant is a publice service company, owning and operating, under franchise, a natural gas distribution system in the City of Texarkana, Texas, by which it serves with natural gas, the city and its inhabitants. Appellees are the City, the Mayor, the Board of Aldermen, and certain persons alleged to be acting in concert with the City, to complainant's injury.

The claim, in general, was that the City and the other defendants, under the purported authority of Art. 1111, Vernon's Ann.Civ.St.Tex. but in fact unlawfully, and without right, were going about to construct a natural gas system to be paid for out of revenue bonds, for the purpose and with the result of instituting an unlawful and ruinous competition with plaintiff's gas distribution system, and thus of depriving it of its properties in violation of the due process the Fourteenth Amendment, U.S.C.A.Const. Amend. 14, guarantees.

As alleged in detail, the unlawfulness was: (1) That the City was not a Home Rule city, but one under special charter, and therefore wholly without power to issue revenue bonds, or otherwise proceed under Art. 1111; (2) that the construction contract was invalid, because not let to the lowest bidder in competitive bidding,

---

[1] No opinion for publication; C.C.H. Bankruptcy Law Service, par. 4346.

upon definite and adequate specifications; (3) that the contract the City had made with Peters for personal direction and supervision of the project was unlawful, because (a) it illegally delegated to him non-delegable public powers; and (b) it awarded him a fee in compensation, which was excessive, unreasonable, fraudulent and unconscionable; (4) the contract for the sale of the bonds was in violation of the Texas statutes, and void, in providing for a sale at less than par and interest, and in addition, it was usurious.

The defense primarily was, that complainant was without legal standing to maintain, or at least, to obtain any relief in, this suit, because no litigable or justiciable right or interest of plaintiff is affected by the matters of which it complains, and it is therefore not entitled to call defendants' actions in question, or ask relief as to them.

Subject to this defense, defendants affirmed, as stoutly as plaintiff had denied: (1) That the City had authority under Art. 1111, to build the plant and pay for it by the sale of revenue bonds; (2) that the construction contract was in all things valid; (3) that there was no vice in the contract with Peters, and (4) none in the contract for the sale of the bonds.

There was a reference to a Master, and after full and exhaustive hearings on the facts and the law, a thorough and exhaustive report. In it the Master found (1) that the court had jurisdiction; (2) that plaintiff had a right to bring, but not a right to recover in, the suit; (3) that the City of Texarkana had power and authority under Art. 1111 to construct, operate, and encumber the proposed gas system; (4) that none of the contracts made or steps taken by the City in connection with the proposed gas distribution system, taken in themselves, or together, were invalid; (5) that complainant had not been deprived of property without due process of law, had not shown any injury to itself entitling it to relief. He recommended that the bill be dismissed at plaintiff's cost.

On objections and exceptions to the report, the District Judge, agreeing in substance with it, made findings of fact and conclusions of law of his own, as follows:

"1. I conclude that this court has jurisdiction of the subject matter of this controversy.

"2. I conclude that the City of Texarkana is a 'Home Rule' City under the Constitution and Statutes of Texas; and that, since it is a 'Home Rule' City it has the authority to construct and operate the proposed gas system, and to encumber the same and its revenues for the cost of construction.

"3. I conclude that the construction contract could be let, as was done, although there was no fund available for the payment when the same was done.

"4. I conclude that the bonds did not provide for any usurious rate of interest.

"5. I conclude that the 'Revenue Bonds' might be sold for less than par, as was done.

"6. I conclude that the City did not surrender its administrative discretion to the respondent Peters in any way.

"7. I conclude that the contract made by the City of Texarkana with the respondent Peters was not subject to attack by complainant.

"8. I conclude that the construction contract, including the plans and specifications, advertisement and successful bid therefor, was not invalid.

"9. I conclude that none of the other matters complained of by complainant were invalid.

"10. I further conclude that the complainant is not in any position to complain about the Peters contract, the construction contract, and the other matters alleged by it to be invalid.

"11. I do not think that a dismissal of the bill should be had, but the decree should be for the respondents, upon the merits, with all costs taxed against the complainant.

"12. I conclude that all of the complainant's objections and exceptions to the Master's report, save the suggestion that under the Master's view and report of the case, a dismissal of complainant's bill was improper, should each be overruled; and the Master's report confirmed."

Upon these findings there was a decree in effect confirming the Master's report, but instead of dismissing the bill as he had recommended, denying relief under it.

Here appellant vigorously pressing upon us that its substantial rights have been, and are being, invaded by what the City has done and is proposing to do, and that the acts and things it complains of are

illegal, insists that the decree should be reversed. Appellees as stoutly maintaining that the Master and the District Judge were right in holding that the City was well within its powers, and that the matters and things complained of were legally and properly done and accomplished, yet vigorously press upon us that plaintiff's appeal fails as its suit did, at the threshold. They insist that no legally cognizable and justiciable right or interest of appellant is infringed or invaded by the proposed construction and operation of which appellant complains, and that on this ground alone the decree should be affirmed.

We agree with appellees. Appellant's reliance on Frost v. Corporation Commission, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483, will not do. What was in question there was the right of one doing a business, which could be done only under license from the Corporation Commission, to prevent the Commission from discriminating against it in granting a license to another. Here is no question of a licensee suing to prevent discrimination, none of discrimination. Here is merely an effort to prevent a competition which plaintiff has neither contract, nor other legal right to prevent, merely on the ground that the threatened competition is being unlawfully instead of lawfully, launched.

It may not be doubted that the City of Texarkana has authority to construct gas works, and to furnish a supply of gas. Both by specific provision in its original charter, "The right is hereby granted to the said City of Texarkana to construct, extend and own or acquire its public utilities, such as gas, water, electric light works, * * * and generally to acquire and own all of its public utilities of a like character, and to furnish and sell the products and commodities therefrom to the public for private or commercial use," and by Article 1175, Title 28 R.S., authorizing cities adopting amendments under the "Home Rule" constitutional and statutory provisions, to "buy, own, construct within or without the city limits and to maintain and operate a system or systems, of gas", the City is granted this power.

■ Whether, then, it has the power to institute the system under Art. 1111 by issuing revenue bonds, and whether the particular contracts and acts of the City, brought into question here, are subject to question, is wholly immaterial, for, granting as it must, that the City has the power to subject appellant to competition, it does not lie in appellant's mouth to question the means or methods by which this competition is launched. Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665; Greenwood County v. Duke Power Co., 4 Cir., 81 F.2d 986; City of Allegan v. Consumers' Power Co., 6 Cir., 71 F.2d 477; Arkansas-Missouri Power Co. v. Kennett, 8 Cir., 78 F.2d 911; Alabama Power Co. v. Ickes, 67 App.D.C. 230, 91 F.2d 303, affirmed 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; c/f Jenkins v. City of Cooper, Tex.Civ.App., 87 S.W.2d 778; Hazelwood v. City of Cooper, Tex.Civ.App., 87 S.W.2d 776, 777; and Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078.

■ But we may go further, and say that we think it perfectly plain, under the authorities, that the City of Texarkana, having adopted a "Home Rule" amendment, is entitled to the benefits of Art. 1111,[1] and may, under it, provide for the building of a gas system payable out of revenue bonds. Ex parte Norton, 113 Tex.Cr.R. 306, 21 S.W.2d 663; City of Corpus Christi ex rel. Harris v. Flato, Tex.Civ.App., 83 S.W.2d 433; c/f Anderson v. Brandon, 121 Tex. 188, 47 S.W.2d 261.

Holding as we do, that no justiciable interest or right of plaintiff was impaired by the acts it complains of, we find it unnecessary to consider the other questions it raises.

The order appealed from is affirmed.

---

[1] "All cities and towns including Home Rule Cities operating under this title shall have power to build and purchase, to mortgage and encumber their light systems * * * or natural gas systems * * * and to evidence the obligation therefor by the issuance of bonds, notes or warrants" secured on its properties.